

# Notice of Service of Process

null / ALL
Transmittal Number: 17565112
Date Processed: 12/26/2017

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |
| **Entity:** | Depositors Insurance Company<br>Entity ID Number  0149484 |
| **Entity Served:** | Depositors Insurance Company |
| **Title of Action:** | Millard Gutter Company d/b/a Millard Roofing and Gutter; Gillick Enterprises, Inc.; Gross Point Holdings LLC vs. Nationwide Insurance a/k/a or d/b/a Nationwide; Depositors Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Sarpy County District Court, Nebraska |
| **Case/Reference No:** | CI 17 1298 |
| **Jurisdiction Served:** | Nebraska |
| **Date Served on CSC:** | 12/26/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Boecker Law, P.C., L.L.O.<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Image ID: D00158338D59

**SUMMONS**

Doc. No. 158338

IN THE DISTRICT COURT OF Sarpy COUNTY, NEBRASKA
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion           NE 68046 3087

Millard Gutter Company v. Nationwide Insurance

Case ID: CI 17   1298

TO:   Depositors Insurance Company

You have been sued.

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Requesting Party:                          Gillick Enterprises
Requesting Party's Attorney:               John M Walker
Address:                                   10306 Regency Pkwy Drive
                                           Omaha, NE 68114-3743

Telephone:                                 (402) 397-7300

Date: DECEMBER 21, 2017       BY THE COURT:   *Carol Kiernan*
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Depositors Insurance Company
%Registered Agent
233 S 13th St Ste 1900
Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | | |
|---|---|---|
| MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER, GILLICK ENTERPRISES, INC., and GROSS POINT HOLDINGS LLC, | ) ) ) ) ) ) | CASE NO: CI 17 1298 |
| Plaintiffs, | ) ) ) | **COMPLAINT** |
| vs. | ) ) | |
| NATIONWIDE INSURANCE a/k/a or d/b/a NATIONWIDE, and DEPOSITORS INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

FILED SARPY COUNTY DISTRICT COURT 2017 JUL 31 PM 2:44 CLERK DISTRICT COURT

COME NOW the Plaintiffs and for their Complaint against the Defendants to state and allege as follows:

1. Plaintiff Millard Roofing and Gutter (herein sometimes "Millard Roofing") is a contractor doing business in Sarpy County, Nebraska and elsewhere, with its principal place of business in Omaha, Douglas County, Nebraska.

2. Plaintiff Gillick Enterprises (herein sometimes "Gillick Enterprises") is an entity that owns and operates a business and beer distribution center located at 13225 Centech Road in Omaha, Sarpy County, Nebraska.

3. Gross Point Holdings LLC (herein sometimes "Gross Point") is the owner of the building at 13225 Centech Road in Omaha, Sarpy County, Nebraska, and an affiliate of Gillick Enterprises and has an insurable interest in the property.

4. Defendant Nationwide Insurance is an insurance company doing business in Nebraska and elsewhere. Nationwide and its agents and employees have been involved in the



adjustment of a claimed loss associated with damage to property in which Gillick Enterprises and Gross Point have an insurance interest.

5. Defendant Depositors Insurance Company is an entity which Plaintiffs reasonably believe is an affiliate or subsidiary of Nationwide Insurance and through which a policy was issued to Gillick Enterprises under which Gillick Enterprises and Gross Point have been insured at times relevant. Defendant Depositors Insurance Company and Nationwide Insurance Company are hereinafter collectively referred to as Defendants.

6. At all times relevant, Gillick, and Gross Point have been insured by Defendants or an affiliate thereof under a policy of insurance providing coverage for loss and damage to building and personal property at a replacement cost.

7. Defendants have insured the property owned by Gillick, and Gross Point, including the buildings which are the subject claim, at values substantially in excess of $20,000,000.00.

8. Gillick Enterprises reported to its insurer that it believed it has suffered damage to covered property arising from a storm.

9. Although Plaintiffs reasonably believe this storm occurred at a subsequent date and that there were one or more storms creating damage during the period in which Nationwide provided coverage, Defendants unilaterally selected a date of loss of August 1, 2012 for purposes of adjustment of the claim submitted by Gillick Enterprises. Plaintiffs reasonably believe that the actual date of loss occurred sometime after August 1, 2012.

10. As a direct and proximate result of storm damage, the property located at 13225 Centech Road, including one or more buildings located thereon, suffered material damage,

including but not necessarily limited to, damage to the roof, HVAC system, refrigeration and electrical systems, and other structural components to the buildings.

11. Defendants acknowledged that the property suffered damage as a consequence of a covered loss.

12. Gillick Enterprises, on behalf of itself and its affiliates including Gross Point, engaged Millard Roofing to perform repair services for covered storm damage in consideration for payment of their deductible, as well as any extras or upgrades they may request be performed, and an assignment of the right to proceeds under any and all applicable insurance policies including, but not necessarily limited to policies of insurance issued by Defendants applicable to the property in effect from August 1, 2012 and thereafter.

13. Millard Roofing forwarded a copy of an assignment of the right to proceeds under the policy, executed by the insured, to Defendants, which such assignment also directed Defendants to communicate with Millard Roofing regarding repairs to the damaged property.

14. Defendants have ignored the assignment and the instructions to communicate with Millard Roofing regarding the claimed loss.

15. Although Defendants have acknowledged the responsibility for payment of the claim, they have failed and refused to acknowledge the fair and reasonable charges for repair of all scopes of damage created by the storm.

16. Pursuant to the policy(ies) issued to the insureds, Defendants were obligated to pay for loss to the insureds' property resulting from any peril not otherwise excluded within the policy(ies).

17. Upon discovery of damages covered under the applicable policy or policies issued by Defendants, Gillick Enterprises provided timely notification of a claim to Defendants.

18. A policy issued by Defendants was in full force and effect at the time of the loss.

19. Gillick Enterprises and/or Millard Roofing, as assignee, promptly and properly made demand for approval of repairs and payment of insurance benefits owed under the applicable policy(ies) and fulfilled all of the post loss duties required of the insured under the policy, except any obligations which may have been prevented or waived by Defendants.

20. Prior to undertaking repairs, Millard Roofing provided Defendants with identification of necessary repairs and replacements arising from the covered loss and supplied an estimate of associated charges.

21. Millard Roofing's charges for goods, labor and services proposed to be supplied to the insured are fair and reasonable in amount and based upon industry standard pricing.

23. Throughout the claim adjustment process, Defendants and their representatives have acted in an arbitrary and capricious manner; they have failed to timely acknowledge communication from the contractor and the insured; they have unreasonably failed to review and approve requested scopes of work to address storm damaged items that otherwise should be covered under the policy; and, they have taken positions which cannot be factually supported in good faith.

24. Further, in response to efforts to reconcile differences and to supply information justifying their claim and request for approval, Defendants have willfully ignored information supplied to them and have failed and refused to provide meaningful responses or information which would otherwise dictate approval of the claim and the charges submitted by the Plaintiffs for approval.

25. Although the total final repair costs are in an amount to be determined, the total estimated repairs are presently estimated to be $2,966,750.05, based upon generally accepted pricing standards utilized within the community for similar work.

26. To date, Defendants have indicated that they will only approve coverage of repairs totaling approximately $501,871.00, above Gillick Enterprises $1,000.00 deductible.

27. Items which Defendants have failed and refused to acknowledge as within the scope of covered losses includes repairs to the HVAC system, repair and replacement of the ballast roof and all components necessary for roof replacement to obtain like kind and quality, correct insulation for roofs in connection with the repairs, flashing for the roofs, appropriate quantities of gutters and downspouts, replacement of damaged wall panels, necessary repairs to the refrigeration system, and reimbursement of contractor overhead and profit charges, among other items.

28. Plaintiffs have made demand upon Defendants to advise them of any further information or documentation that they need to process the claims of the insured and Defendants have failed to identify any information, documents or other matters they need to process the claims.

29. Pursuant to the terms of the policy and Nebraska law, Defendants have contractual obligation to pay the full amount of the losses, including the cost to repair, restore or replace the damages, less the applicable deductible.

30. Defendants have breached and repudiated their contractual obligations, including the obligation to approve and remit payment of the fair and reasonable costs to timely effectuate repairs of a covered loss and to pay all benefits due and owing under the applicable policy

31. As a consequence of Defendant's default and breach, its refusal to pay and acknowledge scopes of loss, Plaintiffs have suffered damages.

32. As the assignee to the claim and right to proceeds, Millard Roofing has suffered damages in the form of a loss of the proceeds it is otherwise entitled to receive from Defendants.

33. Gillick Enterprises has suffered interference with its continued business operations by virtue of the continued delay in obtaining approval of the repairs and payment so that repairs can be effectuated on a timely basis. Among other damages, the delays in repairs adversely effect production efficiencies and working conditions, including additional heat because of unrepaired HVAC systems.

34. Gross Point Holdings has suffered damages including a continuing deterioration of the buildings as long as the Defendants fail to approve necessary repairs and drag out the claim adjustment process to prevent the timely completion of repairs. As a consequence of the continued delay, Gross Point Holdings suffers separate and independent loss of the diminution value of its property as a direct and proximate result of the bad faith conduct of the Defendant in failing to timely and reasonably approve the fair and reasonable charges for a covered loss.

35. Plaintiffs have collectively cooperated with Defendants during the claims adjustment process, including providing third party data to verify the items of damage, as well as the fair and reasonable costs of necessary repairs and replacements.

36. The Plaintiff have been willing to attend multiple onsite meetings with Defendants, even though the demands for continued meetings and the withholding of approval of requested repairs lacks any good faith basis.

37. Plaintiffs have complied with all obligations and conditions precedent under the applicable policy(ies) of insurance and have not been informed of any defaults by either of

the Defendants which would serve to preclude payment of the insurance proceeds or approval of the proposed repairs.

38. Defendants owes the Plaintiffs, including particularly Gillick Enterprises and Gross Point, a duty of good faith and fair dealing pursuant to the policy(ies) issued by Defendants, as well as their obligations of good faith and fair dealing owed through the adjustment process.

39. At all times relevant, Defendants have owed duties to the insureds and their assignees in the claim adjustment process including but not limited to prompt acknowledgement of communication, no misrepresentation of the policy or its coverage, and the duty to promptly and equitably adjust the claim of loss and make payment of the fair and reasonable charges for repair.

40. Defendants have breached their obligations of good faith and fair dealing by virtue of their arbitrary and capricious delays and withholding of repair approval without reasonable basis.

41. Each of the Plaintiffs have suffered damages as a consequence of the actions and inaction of the Defendants.

42. Defendants are unreasonably withholding money that they are obligated to disburse, and as a consequence prejudgment interest should accrue on any sum found due and owing at the rate of twelve percent (12%) per annum, pursuant to Neb.Rev.Stat. §45-104.

43. As this case involves a breach of an insurance policy, Defendants should be found liable for any attorney fees and expenses incurred by the Plaintiffs including, but not limited to, pursuant to Neb.Rev.Stat. §44-359, upon entry of any judgment in favor of any of the Plaintiffs.

44. Each of the Plaintiffs should be awarded their general and special damages arising out of Defendant's breach of contract, as well as their respective breach of duty in good faith and fair dealing.

45. Plaintiffs request a jury trial on all issues so triable.

WHEREFORE, Plaintiffs pray for a judgment against Defendants for all general and special damages, in a total amount to be determined at trial, but not less than $2,966,750.05, less any sums actually remitted by Nationwide, together with prejudgment interest to the extent allowed by law, an award of costs, an award of attorney fees to the extent allowed by law, and any such other further relief as may be necessary or appropriate under the premises.

MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER, Plaintiff

By: _____
Theodore R. Boecker, Jr., NE #20346
BOECKER LAW, P.C., L.L.O.
11225 Davenport Street, Suite 100
Omaha, Nebraska 68154
Tele: (402) 933-9500
Fax: (402) 933-7983
Email: boeckerlaw@msn.com
ATTORNEY FOR PLAINTIFF


GILLICK ENTERPRISES, INC., and GROSS POINT HOLDINGS LLC, Plaintiffs,

By: _____
John M. Walker, #23250
Lamson, Dugan and Murray LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
Tele: (402) 397-7300
Fax: (402) 397-7824 Fax
Email: jwalker@ldmlaw.com

**CERTIFIED MAIL**

7016 2140 0000 7629 7190





02 1P   $ 007.50⁰
0000833760   DEC 21 2017
MAILED FROM ZIP CODE 68114



**LAMSON DUGAN & MURRAY**
—— L L P ——
ATTORNEYS AT LAW

LAMSON, DUGAN &
MURRAY BUILDING

10306 Regency Parkway Dr.
Omaha, Nebraska 68114

ADDRESS SERVICE REQUESTED

DEPOSITORS INSURANCE COMPANY
c/o CSC-LAWYERS INCORPORATING
SERVICE COMPANY, REGISTERED AGENT
233 SO. 13TH ST., STE. 1900
LINCOLN, NE 68508