## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER; GILLICK ENTERPRISES, INC.; and GROSS POINT HOLDINGS, LLC;** | **8:18CV23** |
| **Plaintiffs,** | **ORDER** |
| **vs.** | |
| **NATIONWIDE INSURANCE, a/k/a/ or d/b/a NATIONWIDE; and DEPOSITORS INSURANCE COMPANY,** | |
| **Defendants.** | |

This matter comes before the Court regarding the parties' dispute over the timeliness of Defendants' Notice of Intent to Serve Subpoena Duces Tecum upon third parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. Defendants issued the notice on February 27, 2023. Plaintiffs object to the notice as untimely and because it seeks documents irrelevant to this case. The Court held a hearing on the dispute on March 30, 2023. (Filing Nos. 66-67).

The court will sustain Plaintiffs' timeliness objections. Defendants maintain there was never a deadline set for serving Rule 45 subpoenas. While it is true that the case progression order filed on August 6, 2021, (Filing No. 40), provided the deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure was December 15, 2021-- without specifically identifying Rule 45-- the majority of courts within this circuit agree that Rule 45 subpoenas nevertheless constitute discovery and are therefore governed by the discovery deadlines set forth in a scheduling order. See, e.g., *Cave v. Thurston*, No. 4:18-CV-00342-KGB, 2022 WL 4599408, at *11 (E.D. Ark. Sept. 30, 2022) (finding Rule 45 subpoenas for discovery issued outside the Court's announced discovery deadline were untimely). The magistrate judges within this district also take the view that Rule 45 is encompassed within the written discovery deadline, and have subsequently revised its standard case progression order to specifically add Rule 45 to the written discovery deadline to eliminate any confusion. Although Rule 45 subpoenas may sometimes be employed in advance of trial and outside of a discovery deadline for the limited purposes of things such as memory refreshment or trial preparation, here, it is clear that the purpose of Defendants' Rule 45 subpoenas seek written discovery rather than documents for trial

preparation. Therefore, Defendants' subpoenas seeking written discovery noticed for the first time on February 27, 2023, are well past the December 15, 2021, written discovery deadline.

And, the Court finds good cause does not exist to modify the progression order with regard to the December 15, 2021, written discovery deadline.[1] See Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Good cause under Rule 16(b)(4) may be shown by identifying a change in the law, newly discovered facts, or another significant change in circumstance. See *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). If the movant makes the requisite showing of diligence, then the court may consider other factors such as the degree of prejudice to the nonmoving party. See *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008).

The same documents now sought by Defendants in the third party subpoena were originally sought by Defendants from Plaintiffs in 2019. Plaintiffs objected to those discovery requests. Defendants did not pursue the issue further and have never sought the Court's involvement, formally or informally, to obtain that discovery from Plaintiffs throughout this case and over several years. Throughout the course of this long-pending case, the Court has held numerous telephone conferences with counsel to discuss scheduling matters and discovery, most recently on February 24, 2023, to set the pretrial and trial dates, and not once did Defendants mention they were still seeking this written discovery. Given that this case has been pending since 2018, the fact that Defendants did not diligently pursue available avenues to obtain the discovery they first sought in 2019, that the dispositive motion is less than one-business day away, and that the pretrial

---

[1] There is a split of authority as to whether a motion to modify a progression schedule filed after a deadline has passed must satisfy the "excusable neglect" standard of Rule 6(b)(1)(B) in addition to, or in lieu of, the "good cause" standard under Rule 16(b). See *LeFever v. Castellanos*, No. 4:20CV3066, 2021 WL 5416240, at *2 (D. Neb. Nov. 19, 2021) (recognizing split); *Doe v. Frakes*, No. 8:19CV252, 2022 WL 507518, at *2 (D. Neb. Feb. 18, 2022) (finding the moving party must show both excusable neglect and good cause); *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) ("Arguably the excusable-neglect standard should apply when a party seeks to modify the scheduling order after the deadline has passed. But the plain text of Rule 16 does not make this distinction.") (citations omitted); *Burke v. Lippert Components Inc.*, No. 21-CV-3020-CJW-KEM, 2022 WL 17978806, at *2 (N.D. Iowa Dec. 28, 2022) (recognizing some district courts within this circuit have suggested that a party must also demonstrate excusable neglect to modify a deadline after it has passed); but see *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 432 (8th Cir. 2019) (relying only on the "good cause" standard under Rule 16(b) when discussing what a litigant must show in order to extend a court-imposed expert disclosure deadline after the deadline has passed).

and trial dates are set for this fall, the Court finds good cause does not exist to extend the written discovery deadline for Defendants to serve the noticed third party subpoenas.

Accordingly,

**IT IS ORDERED** that Plaintiffs' timeliness objections to Defendants' Notice of Intent to Serve Rule 45 Subpoena are sustained**.**

Dated this 31st day of March, 2023.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MILLARD GUTTER COMPANY, a | ) | CASE NO: 8:18-cv-23 |
| Corporation d/b/a MILLARD ROOFING | ) | |
| AND GUTTER, GILLICK | ) | |
| ENTERPRISES, INC., and | ) | |
| GROSS POINT HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE INSURANCE a/k/a or | ) | |
| d/b/a NATIONWIDE, and DEPOSITORS | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM

Pursuant to Fed. R. Civ. P. 45 and NECivR 45.1, Defendants Nationwide Insurance and Depositors Insurance Company (collectively "Defendants"), hereby provide notice that Defendants will serve a Subpoena Duces Tecum upon the following entities on March 9, 2023, unless all parties waive the 10-day notice period:

1.  Mejia Roofing & Contractors, Inc., 2910 Daniell Circle, Bellevue, NE 68123

2.  SOS Heating, Cooling & Electrical Co., Inc., 8314 Maple Street, Omaha, NE 68134

3.  MWSS, Inc., 28602 S. State Route D., Cleveland, MO 64734.

A copy of the subpoenas Defendants' intend to issue are attached hereto. Defendants will issue the subpoenas on or after **March 9, 2023** (or earlier should the 10-day notice period be waived), and will command the materials sought to be produced to reach the office of **Matthew D. Hammes** on or before **March 22, 2023** or as otherwise set forth within each subpoena**.**

**DATED** this 27th day of February, 2023.

NATIONWIDE INSURANCE a/k/a or
d/b/a NATIONWIDE, and DEPOSITORS
INSURANCE COMPANY, Defendants,

By:    /s/ Matthew D. Hammes
Matthew D. Hammes, NE # 21484
Locher Pavelka Dostal Braddy & Hammes LLC
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102
P: 402-898-7000
F: 402-898-7130
E: mhammes@lpdbhlaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED HEREBY** certifies that a copy of the foregoing was served via email on the 27th day of February, 2023, to the following:

Theodore R. Boecker, Jr.
Boecker Law, P.C., L.L.O.
1045 N. 115th Street
Omaha, NE 68154

John M. Walker
Lamson, Dugan and Murray LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743

/s/ Matthew D. Hammes

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nebraska ▢

MILLARD GUTTER CO., GILLICK & GROSS POINT

| | |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| NATIONWIDE INSURANCE CO. AND | ) |
| DEPOSITORS' INSURANCE CO. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. 8:18-cv-23

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Mejia Roofing & Contractors, Inc., 2910 Daniell Circle, Bellevue, NE 68123

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    SEE ATTACHED EXHIBIT "A"

| Place: Locher Pavelka Dostal Braddy & Hammes, LLC 2002 Douglas Street, Suite 200, Omaha, NE 68102 | Date and Time: **March 17, 2023 by mail** **March 22, 2023 by 10:00 a.m. in person** * |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

    *CLERK OF COURT*

                                                    OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Nationwide Insuranc and Depositors Insurance _____, who issues or requests this subpoena, are:
Matthew D. Hammes, mhammes@lpdbhlaw.com, 2002 Douglas Street, Suite 200, Omaha, NE 68102, (402) 898-7000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

In lieu of appearing in person on Wednesday, March 22, 2023 (at the place and time indicated on the face of this Subpoena) to appear and deliver true and accurate copies of the foregoing requested documents, items and/or things, you are hereby authorized to instead send in the mail to: Matthew D. Hammes, Locher Pavelka Dostal Braddy & Hammes, LLC, 200 The Omaha Club, 2002 Douglas Street, Omaha, NE 68102, on or before Friday, March 17, 2023, true and accurate copies of the following documents, items and/or things:

1.     All communications and correspondence of any type or variety between Mejia Roofing & Contractors, Inc. ("MRC") and Millard Gutter Company, a Corporation doing business as Millard Roofing and Gutter ("Millard Gutter"), including any and all communications and correspondence between any of MRC owner, officer, manager, foreman, employee, representative, agent, subcontractor or attorney and any Millard Gutter owner, officer, manager, foreman, employee, representative, agent, contractors, suppliers, materialmen, subcontractors or attorney, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

2.     All communications and correspondence of any type or variety between Mejia Roofing & Contractors, Inc. ("MRC") and Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC, including any and all communications and correspondence between any MRC owner, officer, manager, foreman, employee, representative, agent, subcontractor or attorney and any Quality Brands', Gillick Enterprises, Inc.s' and/or Gross Point Holdings, LLC's owner(s), officer(s), manager(s), foreman, employee(s), representative(s), agent(s), contractors, suppliers, materialmen, subcontractor(s) or attorney(s), pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

3.     All bids, bid proposals, estimates, accepted bids, accepted proposals, accepted estimates,

invoices, receipts, work orders, bills and any other writing of any type, variety or description pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

4.    All documents, including but not limited to copies of all checks, accounting records, lien releases, waivers of mechanic's or supplier's lien, and any other writing of any type, variety or description reflecting any monies paid to Mejia Roofing & Contractors, Inc. ("MRC") from any source for any work, labor and/or provision of any supplies, materials, equipment, or payment of any permits, fees, or other costs, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

5.    All documents reflecting the names of all persons, contractors, subcontractors, materialmen, or suppliers providing Mejia Roofing & Contractors, Inc. ("MRC") with any work, labor and/or provision of any supplies, materials, equipment, or payment of any permits, fees, or other costs, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

6.    All writings of any type, variety or description evidencing any and all work and labor actually performed by Mejia Roofing & Contractors, Inc. ("MRC") or anyone acting on its behalf pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

7.    Any and all photographs, videos or other documents, items or things memorializing, evidencing, and/or documenting the work performed and/or goods provided by Mejia Roofing & Contractors, Inc. ("MRC") or anyone acting on its behalf at the property located at 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

8.      All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 1 attached hereto.

9.      All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 2 attached hereto.

10.     All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 3 attached hereto.

11.     All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 4 attached hereto.

12.     All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 5 attached hereto.

13.     All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 6 attached hereto.

14.     All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 7 attached hereto.

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                    Project: Quality Brands of Omaha

August 17, 2015

To:     **Millard Roofing & Gutters**      Project Address:      Quality Brands of Omaha

14545 Industrial Road # 2                           13255 Centech Blvd

Omaha, NE 68144                                     Omaha, NE 68138

402-492-9494

## **PROPOSAL**

**Objective:       Main building Ballast roof section**

- Remove 1,025 sq of Ballast rock from roof

- Remove 1,025 sq of .60 ml of EPDM membrane

- Remove and install 1,025 sq of 2 layers of 2" Polyiso insulation board according to Firestone guidelines

- Remove the EPDM membrane of the roof penetrations

- Install 1,100 sq of new 4" Polyiso insulation board on 2 layers of 2" Polyiso insulation board according to Firestone guidelines

- Install 1,100 sq of .60 mil Firestone EPDM, use on seam field the 6" seam tape according to Firestone guidelines

- Install the ballast rock over the new membrane according to Firestone guidelines

- Install 400 pc of 12'X16' concrete pavers according to Firestone guidelines

- Install EPDM membrane flashing on 6 soil stacks, 22 pitch pans, 3 head stacks, and 8 runner curbs according to Firestone guidelines

- Install 630 LF of gravel stop metal flashing and 890 Lf of gutter apron metal according to Firestone guidelines



 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                                    Project: Quality Brands of Omaha

Cost of project:          $ 513,000.00

## TOTAL PROJECT COST:          **$ 513,000.00**

Cost includes dumpster, waste disposal, material cost, city permit and crane cost.

**WARRANTY:    Includes 15-Year Warranty from <u>Firestone Building Products.</u>**

If you, _____, accept the services provided by Mejia Roofing & Contractors with the following terms, please sign at the space provided below:

- General Contractor must pay for 50% of the cost ($ 256,500.00) of the project by the completion date. _____

- General Contractor must pay the remaining balance ($ 256,500.00) within 30 days of the date of the invoice**._____

- Any additional (extra) work will be paid upon discussion._____

**\*\*If the total amount has not been met after thirty (30) days of the date of the invoice, an additional 1% will be added to the total amount per week.**

Printed Name:  _____

Customer Signature: _____          Date: _____

If you have any question regarding this proposal, please feel free to contact us at (402) 415-3045 or <u>info@mejiaroofing.com</u>.

Sincerely,                                          Omaha Contractor License #:   91130

Raul Mejia Rueda, Contractor                        NDOL Contractor Registration Number:   94929

PSuppDis000466

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                    Project: Quality Brands of Omaha

PSuppDis000467

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters

Project: Quality Brands of Omaha

August 17, 2015

**To:**  **Millard Roofing & Gutters**

14545 Industrial Road # 2

Omaha, NE 68144

402-492-9494

Project Address:

Quality Brands of Omaha

13255 Centech Blvd

Omaha, NE 68138

## **PROPOSAL**

**Objective:**     **Refrigeration Building TPO**

- Remove 314 sq of TPO membrane on 3 different sections

- Install 346 sq of .60 mil Firestone TPO mechanically attached roof system on 3 different sections according to Firestone guidelines

- Install 346 sq of 2 layers of 2 ½" Polyiso insulation according to Firestone guidelines

- Install new TPO membrane and flashing on 1 soil stacks, 2 head stacks, 7 curb penetrations, 20 runner curbs, and 1 roof access according to Firestone guidelines

- Install 880 LF of gutter apron metal flashing and 60 LF of termination bar metal flashing according to Firestone guidelines

Cost of project:        $ 175,000.00

## **TOTAL PROJECT COST:**        **$ 175,000.00**

Cost includes dumpster, waste disposal, material cost, city permit and crane cost.

**WARRANTY:**    **Includes 15-Year Warranty from <u>Firestone Building Products.</u>**

> **EXHIBIT**
> **2**

2910 Daniell Circle • Bellevue, NE 68123 • (402) 415-3045
info@mejiaroofing.com • www.mejiaroofing.com

1

PSuppDis000476

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                    Project: Quality Brands of Omaha

If you, _____, accept the services provided by Mejia Roofing &
Contractors with the following terms, please sign at the space provided below:

- General Contractor must pay for 50% of the cost ($ 87,500.00) of the project by the completion
  date. _____

- General Contractor must pay the remaining balance ($ 87,500.00) within 30 days of the date of
  the invoice**._____

- Any additional (extra) work will be paid upon discussion._____

**If the total amount has not been met after thirty (30) days of the date of the invoice, an additional 1% will be added to the
total amount per week.

Printed Name: _____

Customer Signature: _____          Date: _____

If you have any question regarding this proposal, please feel free to contact us at (402) 415-3045 or
info@mejiaroofing.com.

Sincerely,                                       Omaha Contractor License #:    91130

Raul Mejia Rueda, Contractor                     NDOL Contractor Registration Number:    94929

PSuppDis000477

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                          Project: Quality Brands of Omaha

February 28, 2020

To:   **Millard Roofing & Gutters**                 Project: Quality Brands of Omaha

14545 Industrial Road # 2                              13255 Centech Blvd

Omaha, NE 68144                                       Omaha, NE 68138

402-492-9494

## **PROPOSAL**

**Objective:        Main building Ballast roof section**

- Remove 1,025 sq of Ballast rock from roof

- Remove 1,025 sq of .060 mil EPDM membrane

- Remove 1,025 sq of 2 layers of 2" Polyiso insulation board

- Remove the EPDM membrane off the roof penetrations

- Install 1,100 sq of new 4" of 2 layers of Firestone Polyiso insulation board according to Firestone guidelines

- Install 1,100 sq of .060 mil Firestone EPDM and use 6" seam tape on seam field according to Firestone guidelines

- Install the ballast rock over the new membrane according to Firestone guidelines

- Install 400 pc of 12' X 16' concrete pavers according to Firestone guidelines

- Install EPDM membrane flashing on 6 soil stacks, 22 pitch pans, 3 head stacks, and 8 runner curbs according to Firestone guidelines

- Install 700 LF of gravel stop metal flashing and 900 LF of gutter apron metal according to Firestone guidelines

- Install 900 LF of box gutter and 600 LF of downspouts 4" X 4" according to Firestone guidelines

**EXHIBIT
3**

**2910 Daniell Circle • Bellevue, NE 68123 • (402) 415-3045**                   1
**info@mejiaroofing.com • www.mejiaroofing.com**

 # MEJIA ROOFING & CONTRACTORS

Client: Millard Roofing & Gutters                    Project: Quality Brands of Omaha

Cost of project:          $ 540,000.00

## TOTAL PROJECT COST:          $ 540,000.00 (This price is good for 30 days)

Cost includes dumpster, waste disposal, material cost, city permit and crane cost.

**_Warranty:_      _This includes a 15-Year warranty provided by Firestone Building Products_**

## _Acceptance of Proposal_

If you, _____, accept the services provided by Mejia Roofing &
Contractors with the following terms, please sign at the space provided below:

- Any additional (extra) work will be paid upon discussion. **Initials_____**

- Contractor must pay 30% of the total balance (**$162,000.00**) by the delivery date of the project. **Initials _____**

- Contractor must pay another 30% of the total balance ($**162,000.00**) by the completion of the project. **Initials _____**

- Contractor must pay the remaining 40% of the total balance (**$216,000.00**) must be paid within 30 days of the date of the invoice. ** **Initials_____**

- Warranty will be given only when balance has been paid in full. **Initials_____**

Printed Name: _____

Customer Signature: _____      Date: _____


If you have any question regarding this proposal, please feel free to contact us at (402) 415-3045 or
info@mejiaroofing.com.

Sincerely,

Raul Mejia Rueda, Contractor

Omaha Contractor License #:          91130

NDOL Contractor Registration Number: 94929

PSuppDis000041

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                    Project: Quality Brands of Omaha

PSuppDis000042

### *Final Waiver of Mechanic's or Supplier's Lien*

**Between the Owner:**     *Millard Roofing*
     *14545 Industrial Rd #2*
     *Omaha, NE 68144*

**And the Contractor:**     *Mejia Roofing & Contractors, Inc*

**For the Project:**     *Quality Brands*
     *13255 Centech Rd*
     *Omaha, NE 68138*

*The undersigned*   **Mejia Roofing & Contractors, Inc**   *was employed to perform work or supply materials in connection with the construction or improvement of a building on the property at*   **Quality Brands**   *and was paid in full for the services rendered in the amount of*   **$162,000.00**   *which property may be described as follows, to wit:*

**Quality Brands**
**13255 Centech Rd**
**Omaha, NE 68138**

*The undersigned does hereby acknowledge payment Check #*   **15370**   *for the labor, service and or material supplied for the aforesaid project, up to but including the below stated date, and hereby waives all right of lien and all claims which the undersigned has or may have on the above described property date of this instrument.*

*In the State of* **Nebraska** *and the county of* **Douglas**

Rad Mejia

**Print Name**

**Signature of Representative for said company**

*This lien waiver was subscribed and (sworn) (affirmed) signed before me: this*
     *1*      *Day of*   *June, 2020*

**Signature of Notary Public**

> A GENERAL NOTARY-State of Nebraska
> JAYME T NEWMAN
> My Comm. Exp. August 13, 2022

*^Affix Official Notary Seal^*


EXHIBIT
4



**Millard Roofing and Gutter Company**
14545 Industrial Rd
Omaha, NE 68144
Phone: (402) 492-9494
Fax: (402) 965-8001
www.millardroofing.net

Work Order - PO #: WO13677-6
Order Date: 03/12/2020
Primary Rep: Josh Roza

| Customer: | | | |
|---|---|---|---|
| Quality Brands | | | |
| Contact 2: | | | |
| Dave Kinney | | | |
| Project Address: | City: | State: | Zip: |
| 13255 Centech Road | Omaha | NE | 68138 |

## Install Details

Crew: Mejia Roofing     Install Date: 2020-03-23 00:00:00     Completion Date: 2020-04-30 23:45:00

## Labor Items

| # | Labor Item | Color | Size | Qty | Unit | Cost | Total |
|---|---|---|---|---|---|---|---|
| 1 | Main ballast roof section | | | 1.00 | EA | $540,000.00 | $540,000.00 |

**Grand Total: $540,000.00**

Pmt #1        − 162,000.
Pmt #2        − 162.000

Balance due    216.000
− 10% Hold     54,000
               $ 162,000

Tue, May 26 2020, 10:29 AM

PSuppDis000048



**MILLARD ROOFING & GUTTER**

15370

Mejia Roofing & Contractors

| Date | Type | Reference | | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|---|
| 5/26/2020 | Bill | 13255 Centech Rd | | 162,000.00 | 162,000.00 | 5/28/2020 | 162,000.00 |
| | | | | | | | 162,000.00 |

Check Amount 162,000.00

Checking - Union Ban

162,000.00

PSuppDis000049



**MILLARD ROOFING & GUTTER**

15370

Mejia Roofing & Contractors

| Date | Type | Reference | | Original Amt. | Balance Due | 5/28/2020 Discount | Payment |
|------|------|-----------|---|---------------|-------------|---------------------|---------|
| 5/26/2020 | Bill | 13255 Centech Rd | | 162,000.00 | 162,000.00 | | 162,000.00 |
| | | | | | | | 162,000.00 |

Check Amount

Checking - Union Ban                                    162,000.00

PSuppDis000053

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                    Project: Quality Brands of Omaha

February 28, 2020

To:   **Millard Roofing & Gutters**                Project: Quality Brands of Omaha

14545 Industrial Road # 2                          13255 Centech Blvd

Omaha, NE 68144                                    Omaha, NE 68138

402-492-9494

## **PROPOSAL**

**Objective:      Refrigeration Building TPO**

- Remove 314 sq of TPO membrane on 3 different sections

- Remove 314 sq of .50" coverboard insulation

- Install 346 sq of .060 mil TPO mechanically attached roof system on 3 different sections according to Firestone guidelines

- <u>Keep the existing EPS insulation</u>

- Install 346 sq of .50" coverboard insulation according to Firestone guidelines

- Install new TPO membrane and flashing on 1 soil stacks, 2 head stacks, 7 curb penetrations, 20 runner curbs, and 1 roof access according to Firestone guidelines

- Install 880 LF of gutter apron metal flashing and 60 LF of termination bar metal flashing according to Firestone guidelines

- Install 600 LF of box gutter and 350 LF of downspout 4" X 4" according to Firestone guidelines

Cost of project:         $ 175,000.00

**TOTAL PROJECT COST:**         **$ 175,000.00** (This price is good for 30 days)

Cost includes dumpster, waste disposal, material cost, city permit and crane cost.



**2910 Daniell Circle • Bellevue, NE 68123 • (402) 415-3045**
**info@mejiaroofing.com • www.mejiaroofing.com**                    1

PSuppDis000038

 # MEJIA ROOFING & CONTRACTORS

Client: Millard Roofing & Gutters                     Project: Quality Brands of Omaha

**_WARRANTY:    Includes 15-Year Warranty provided by Firestone Building Products_**

## _Acceptance of Proposal_

If you, _____, accept the services provided by Mejia Roofing & Contractors with the following terms, please sign at the space provided below:

- Any additional (extra) work will be paid upon discussion. **Initials_____**

- General Contractor must pay for 50% of the cost (**$ 87,500.00**) of the project by the completion date. **Initials _____**

- General Contractor must pay the remaining balance (**$ 87,500.00**) within 30 days of the date of the invoice. **\*\*Initials_____**

- Warranty will be given only when balance has been paid in full. **Initials_____**

**\*\*If the total amount has not been met after thirty (30) days of the date of the invoice, an additional 1% will be added to the total amount per week.**

Printed Name: _____

Customer Signature: _____          Date: _____


If you have any question regarding this proposal, please feel free to contact us at (402) 415-3045 or info@mejiaroofing.com.

Sincerely,

Raul Mejia Rueda, Contractor

Omaha Contractor License #:            91130

NDOL Contractor Registration Number: 94929

PSuppDis000039



# MEJIA ROOFING & CONTRACTORS

Client: Millard Roofing & Gutters          Project: Quality Brands of Omaha

February 28, 2020

To:   **Millard Roofing & Gutters**          Project: Quality Brands of Omaha

    14545 Industrial Road # 2          13255 Centech Blvd

    Omaha, NE 68144          Omaha, NE 68138

    402-492-9494

## **PROPOSAL**

**Objective:**     **Main building TPO MAS**

- Remove 106 sq of TPO mechanically attached roof system

- Remove 85 sq of 6" EPS insulation system and ½" DensDeck insulation system

- Install 93 sq of 6" EPS insulation system according to Firestone guidelines

- Install 93 sq of ½" DensDeck insulation system according to Firestone guidelines

- Install 106 sq of .060 mil TPO Mechanically Attached Roof System according to Firestone guidelines

- Install TPO flashing on 4 soil stacks, 3 head stacks, 4-unit curbs and 1 pitch pan according to Firestone guidelines

- Install 160 LF of cap metal, 140 LF of termination bar metal and 140 LF of gutter apron metal flashing according to Firestone guidelines

Cost of project:     $ 60,000.00

## **TOTAL PROJECT COST:**     **$ 60,000.00** (This price is good for 30 days)

Cost includes dumpster, waste disposal, metal cost, and crane cost.

**_WARRANTY:_**   **_This includes a 15-YR warranty provided by Firestone Building Products_**



EXHIBIT

6

**2910 Daniell Circle • Bellevue, NE 68123 • (402) 415-3045**
**info@mejiaroofing.com • www.mejiaroofing.com**

1

 **MEJIA ROOFING & CONTRACTORS**

Client: Millard Roofing & Gutters                    Project: Quality Brands of Omaha

## *Acceptance of Proposal*

If you, _____, accept the services provided by Mejia Roofing &
Contractors with the following terms, please sign at the space provided below:

- Any additional (extra) work will be paid upon discussion. **Initials_____**

- General Contractor must pay for 50% of the cost (**$ 30,000.00**) of the project by the completion
date. **Initials _____**

- General Contractor must pay the remaining balance (**$ 30,000.00**) within 30 days of the date of
the invoice. **\*\*Initials_____**

- Warranty will be given only when balance has been paid in full. **Initials_____**

**\*\*If the total amount has not been met after thirty (30) days of the date of the invoice, an additional 1% will be added to the
total amount per week.**

Printed Name: _____

Customer Signature: _____        Date: _____

If you have any question regarding this proposal, please feel free to contact us at (402) 415-3045 or
info@mejiaroofing.com.

Sincerely,

Raul Mejia Rueda, Contractor

Omaha Contractor License #:            91130

NDOL Contractor Registration Number: 94929

PSuppDis000037

Mejia Roofing & Contractors, Inc.
2910 Daniell Circle
Bellevue, NE 68123 US
4024153045
info@mejiaroofing.com
www.mejiaroofing.com

**INVOICE 1941**

**BILL TO**
Millard Roofing
14545 Industrial Rd #2
Omaha, NE 68144

| DATE | PLEASE PAY | DUE DATE |
|------|------------|----------|
| 06/05/2020 | $30,000.00 | 08/05/2020 |

**PROJECT:**
Work Order - PO #: WO13677-5

| ACTIVITY | QTY | RATE | AMOUNT |
|----------|-----|------|--------|
| Roof Service<br>TPO MAS<br>50% of the cost by completion of project | 1 | 30,000.00 | 30,000.00 |

| | |
|--|--|
| **TOTAL DUE** | **$30,000.00** |

THANK YOU.

EXHIBIT
7

### Final Waiver of Mechanic's or Supplier's Lien

**Between the Owner:**     *Millard Roofing*
*14545 Industrial Rd #2*
*Omaha, NE 68144*

**And the Contractor:**     *Mejia Roofing & Contractors, Inc*

**For the Project:**     *Quality Brands*
*13255 Centech Rd*
*Omaha, NE 68138*

The undersigned     **Mejia Roofing & Contractors, Inc**     *was employed to perform work
or supply materials in connection with the construction or improvement of a building on
the property at*     **Quality Brands**     *and was paid in full for the services
rendered in the amount of*     **$30,000.00**     *which property may be described as
follows, to wit:*

*Quality Brands*
*13255 Centech Rd*
*Omaha, NE 68138*

*The undersigned does hereby acknowledge payment* **Check #**     **15417**     *for the
labor, service and or material supplied for the aforesaid project, up to but including the
below stated date, and hereby waives all right of lien and all claims which the
undersigned has or may have on the above described property date of this instrument.*

*In the State of* **Nebraska** *and the county of* **Douglas**

_____
**Print Name**

_____
**Signature of Representative for said company**

*This lien waiver was subscribed and (sworn) (affirmed) signed before me: this*
**11th**     *Day of*     **May, 2020**

_____
**Signature of Notary Public**

```
GENERAL NOTARY-State of Nebraska
JAYME T NEWMAN
My Comm. Exp. August 13, 2022
```

^Affix Official Notary Seal^

Mejia Roofing & Contractors, Inc.
2910 Daniell Circle
Bellevue, NE  68123 US
4024153045
info@mejiaroofing.com
www.mejiaroofing.com

**INVOICE  1949**

**BILL TO**
Millard Roofing
14545 Industrial Rd #2
Omaha, NE 68144

| DATE | PLEASE PAY | DUE DATE |
|------|------------|----------|
| 06/11/2020 | $30,000.00 | 07/11/2020 |

**PROJECT:**
Work Order - PO #: WO13677-5

| ACTIVITY | QTY | RATE | AMOUNT |
|----------|-----|------|--------|
| **Roof Service**<br>Remaining 50% balance<br>Installed 106 sq of .060mil TPO mechanically<br>attached roof system<br>Installed 160 LF of cap metal, 140 LF of<br>termination bar metal and 140 LF of gutter apron<br>metal flashing | 1 | 30,000.00 | 30,000.00 |

| | TOTAL DUE | **$30,000.00** |
|--|-----------|----------------|

THANK YOU.

**MILLARD ROOFING & GUTTER**

Mejia Roofing & Contractors

| Date | Type | Reference |
|------|------|-----------|
| 6/17/2020 | Bill | 13255 Centech Rd |

| Original Amt. | Balance Due | 6/17/2020 | 15428 |
|---------------|-------------|-----------|-------|
| 24,000.00 | 24,000.00 | Discount | Payment |
| | | | 24,000.00 |
| | | Check Amount | 24,000.00 |



Checking - Union Ban

24,000.00

PSuppDis000063

Mejia Roofing & Contractors, Inc.
2910 Daniell Circle
Bellevue, NE  68123 US
4024153045
info@mejiaroofing.com
www.mejiaroofing.com

**INVOICE   1949**

**BILL TO**
Millard Roofing
14545 Industrial Rd #2
Omaha, NE  68144

| DATE | PLEASE PAY | DUE DATE |
|------|------------|----------|
| 06/11/2020 | $30,000.00 | 07/11/2020 |

**PROJECT:**
Work Order - PO #: WO13677-5

| ACTIVITY | QTY | RATE | AMOUNT |
|----------|-----|------|--------|
| Roof Service<br>Remaining 50% balance<br>Installed 106 sq of .060mil TPO mechanically<br>attached roof system<br>Installed 160 LF of cap metal, 140 LF of<br>termination bar metal and 140 LF of gutter apron<br>metal flashing | 1 | 30,000.00 | 30,000.00 |

| | |
|---|---|
| **TOTAL DUE** | **$30,000.00** |

THANK YOU.

*told 10%*

*$24,000 paid*

*C.M.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nebraska

| | |
|---|---|
| MILLARD GUTTER CO., GILLICK & GROSS POINT | ) |
| _Plaintiff_ | ) |
| v. | ) |
| NATIONWIDE INSURANCE CO. AND | ) |
| DEPOSITORS' INSURANCE CO. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.  8:18-cv-23

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       SOS Heating, Cooling & Electrical Co., Inc. 8314 Maple Street, Omaha, NE 68134

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT "A"

| Place: Locher Pavelka Dostal Braddy & Hammes, LLC 2002 Douglas Street, Suite 200, Omaha, NE 68102 | Date and Time: **March 17, 2023 by mail** **March 22, 2023 by 10:00 a.m. in person** |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                           _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Nationwide Insuranc and Depositors Insurance_____ , who issues or requests this subpoena, are:
Matthew D. Hammes, mhammes@lpdbhlaw.com, 2002 Douglas Street, Suite 200, Omaha, NE 68102, (402) 898-7000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

In lieu of appearing in person on Wednesday, March 22, 2023 (at the place and time indicated on the face of this Subpoena) to appear and deliver true and accurate copies of the foregoing requested documents, items and/or things, you are hereby authorized to instead send in the mail to: Matthew D. Hammes, Locher Pavelka Dostal Braddy & Hammes, LLC, 200 The Omaha Club, 2002 Douglas Street, Omaha, NE 68102, on or before Friday, March 17, 2023, true and accurate copies of the following documents, items and/or things:

1.  All communications and correspondence of any type or variety between SOS Heating, Cooling & Electrical Co. Inc. ("SOS") and Millard Gutter Company, a Corporation doing business as Millard Roofing and Gutter ("Millard Gutter"), including any and all communications and correspondence between any of SOS owner, officer, manager, foreman, employee, representative, agent, subcontractor or attorney and any Millard Gutter owner, officer, manager, foreman, employee, representative, agent, contractors, suppliers, materialmen, subcontractors or attorney, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

2.  All communications and correspondence of any type or variety between SOS Heating, Cooling & Electrical Co. Inc. ("SOS") and Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC, including any and all communications and correspondence between any SOS owner, officer, manager, foreman, employee, representative, agent, subcontractor or attorney and any Quality Brands', Gillick Enterprises, Inc.s' and/or Gross Point Holdings, LLC's owner(s), officer(s), manager(s), foreman, employee(s), representative(s), agent(s), contractors, suppliers, materialmen, subcontractor(s) or attorney(s), pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

3.  All bids, bid proposals, estimates, accepted bids, accepted proposals, accepted estimates,

invoices, receipts, work orders, bills and any other writing of any type, variety or description pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

4.  All documents, including but not limited to copies of all checks, accounting records, lien releases, waivers of mechanic's or supplier's lien, and any other writing of any type, variety or description reflecting any monies paid to SOS Heating, Cooling & Electrical Co. Inc. ("SOS") from any source for any work, labor and/or provision of any supplies, materials, equipment, or payment of any permits, fees, or other costs, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

5.  All documents reflecting the names of all persons, contractors, subcontractors, materialmen, or suppliers providing SOS Heating, Cooling & Electrical Co. Inc. ("SOS") with any work, labor and/or provision of any supplies, materials, equipment, or payment of any permits, fees, or other costs, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

6.  All writings of any type, variety or description evidencing any and all work and labor actually performed by SOS Heating, Cooling & Electrical Co. Inc. ("SOS") or anyone acting on its behalf pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

7.  Any and all photographs, videos or other documents, items or things memorializing, evidencing, and/or documenting the work performed and/or goods provided by SOS Heating, Cooling & Electrical Co. Inc. ("SOS") or anyone acting on its behalf at the property located at 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated

by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

8.     All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 1 attached hereto.

9.     All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 2 attached hereto.

# SOS Heating, Cooling & Electrical Co. Inc.
## 8314 Maple Street
## Omaha, Nebraska 68134
## (402) 391-2336   fax (402) 391-8180

## **PROPOSAL AND CONTRACT**

**DATE:** 9/29/15

| | |
|---|---|
| **SUBMITTED TO:** Millard Roofing<br>14545 Industrial Road<br>Omaha Ne 68144 | **JOB LOCATION:** Quality Brands<br>13255 Centech Road |

---

**WE HEREBY PROPOSE**    HVAC AS PER WALK THRU (Gary Kropf)

(Truck Wash Area)

Remove & replace (5) DW vents, flashings, tops,
And approx. 5' pipe.

Bid $    4,400.00

(Large Roof Area)

Remove all equipment for roof replacement & reconnect

(2) Large make-up air units (needs new tops)
RTU #8 comb out condenser coil
RTU #2, new condenser coil (non-repairable)
RTU #4, 5, 7 (metal damage on tops, needs new tops)
(2) Carrier mini-split units (disconnect & reconnect)
(2) Large exhaust fans (metal damage on tops/replace with new fans)
Armstrong RTU (slight metal damage on top/new top)
RTU # 6 Carrier (slight metal damage on top/new top)
Fujistu mini-split (disconnect & reconnect)
RTU # 1 Lennox (condenser coil bad/replace with new unit)
(3) Exhaust fans (metal damage on tops/replace with new fans)
(2) Large Refrigeration Units (slight metal damage on unit tops, these
Units SOS to sub out to refrigeration co)

Bid $ 169,100.00

(Storage & Cooler Building)

Remove all equipment for roof replacement & reconnect

(5) Large refrigeration units (slight metal damage on unit tops,
These units SOS to sub out to refrigeration co)

Replace (2) DW vents, flashings, tops, and approx. 5' pipe
Carrier split system (comb out condenser coil)
(2) Exhaust fans (metal damage on tops/replace with new fans)



Bid $ 153,075.00

PAGE 1 of 2

# SOS Heating, Cooling & Electrical Co. Inc.
## 8314 Maple Street
## Omaha, Nebraska 68134
## (402) 391-2336   fax (402) 391-8180

(Lower Roof-Main Building)

Remove all equipment for roof replacement & reconnect

Replace (3) DW vents, flashings, tops, and approx. 5' pipe

RTU # 9 Carrier (metal damage on top/new top)
Carrier mini-split (metal damage on top/new top)
Concord (condenser coil bad/replace with new coil)
(2) Exhaust fans (metal damage on tops/replace with new fans)

Bid $  30,475.00

Material and labor $ 357,050.00

(NOTE) Excluded: all electrical disconnecting
& reconnecting of all equipment.

**TERMS:**       PAYMENT TO BE DUE AND PAYABLE UPON COMPLETION.  IF JOB IS ONGOING,
PROGRESSIVE MONTHLY BILLINGS WILL BE SUBMITTED AND PAYMENT IS DUE AND PAYABLE WITHIN
FIFTEEN DAYS OF INVOICE SUBMITTED.  IF TERMS ARE NOT MET, AN INTEREST CHARGE OF 1.5%/MONTH
WILL OCCUR.

RESPECTFULLY SUBMITTED,

TERRY GAMBREL/GARY KROPF                THIS BID PRICE WILL BE HONORED FOR
SOS HEATING AND COOLING                 30 DAYS FROM DATE REFERENCED ABOVE.

## ACCEPTANCE OF PROPOSAL

THE ABOVE PRICES, SPECIFICATIONS AND CONDITIONS ARE SATISFACTORY AND ARE HEREBY ACCEPTED.
YOU ARE AUTHORIZED TO DO THE WORK AS SPECIFIED.  PAYMENT TO BE MADE AS SPECIFIED ABOVE.

SIGNATURE: _____   DATE: _____

NAME: _____
          (PLEASE PRINT)

PSuppDis000577



8314 Maple St, Omaha, NE 68134
P: (402) 391-2336 F: (402) 391-8180
soshvac.com

We are a licensed heating and cooling company our license numbers are
#162804, #11627, and #2158. I have reviewed the video footage of an
attempt to comb the severely damaged condenser coil on one of the
rooftop units at Budweiser(13255 Centech Rd). It is my opinion that the
damage to that unit is such that the unit cannot be repaired by combing.
My recommendation is for the unit to be replaced.

Respectfully Submitted,

Torrey Klaumann

**EXHIBIT**

**2**

PSuppDis000963

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Nebraska

MILLARD GUTTER CO., GILLICK & GROSS POINT

_____
*Plaintiff*

v.

NATIONWIDE INSURANCE CO. AND
DEPOSITORS' INSURANCE CO.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 8:18-cv-23

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

MWSS, Inc. 28602 S. State Route D, Cleveland, MO 64734

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT "A"

| Place: Locher Pavelka Dostal Braddy & Hammes, LLC<br>2002 Douglas Street, Suite 200, Omaha, NE 68102 | Date and Time:<br>**March 17, 2023 by mail**<br>**March 22, 2023 by 10:00 a.m. in person** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Nationwide Insuranc and Depositors Insurance_____ , who issues or requests this subpoena, are:
Matthew D. Hammes, mhammes@lpdbhlaw.com, 2002 Douglas Street, Suite 200, Omaha, NE 68102, (402) 898-7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

In lieu of appearing in person on Wednesday, March 22, 2023 (at the place and time indicated on the face of this Subpoena) to appear and deliver true and accurate copies of the foregoing requested documents, items and/or things, you are hereby authorized to instead send in the mail to: Matthew D. Hammes, Locher Pavelka Dostal Braddy & Hammes, LLC, 200 The Omaha Club, 2002 Douglas Street, Omaha, NE 68102, on or before Friday, March 17, 2023, true and accurate copies of the following documents, items and/or things:

1.  All communications and correspondence of any type or variety between MWSS, Inc. ("MWSS") and Millard Gutter Company, a Corporation doing business as Millard Roofing and Gutter ("Millard Gutter"), including any and all communications and correspondence between any of MWSS owner, officer, manager, foreman, employee, representative, agent, subcontractor or attorney and any Millard Gutter owner, officer, manager, foreman, employee, representative, agent, contractors, suppliers, materialmen, subcontractors or attorney, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

2.  All communications and correspondence of any type or variety between MWSS, Inc. ("MWSS") and Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC, including any and all communications and correspondence between any MWSS owner, officer, manager, foreman, employee, representative, agent, subcontractor or attorney and any Quality Brands', Gillick Enterprises, Inc.s' and/or Gross Point Holdings, LLC's owner(s), officer(s), manager(s), foreman, employee(s), representative(s), agent(s), contractors, suppliers, materialmen, subcontractor(s) or attorney(s), pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

3.  All bids, bid proposals, estimates, accepted bids, accepted proposals, accepted estimates,

invoices, receipts, work orders, bills and any other writing of any type, variety or description pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

4.   All documents, including but not limited to copies of all checks, accounting records, lien releases, waivers of mechanic's or supplier's lien, and any other writing of any type, variety or description reflecting any monies paid to MWSS, Inc. ("MWSS") from any source for any work, labor and/or provision of any supplies, materials, equipment, or payment of any permits, fees, or other costs, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

5.   All documents reflecting the names of all persons, contractors, subcontractors, materialmen, or suppliers providing MWSS, Inc. ("MWSS") with any work, labor and/or provision of any supplies, materials, equipment, or payment of any permits, fees, or other costs, pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

6.   All writings of any type, variety or description evidencing any and all work and labor actually performed by MWSS, Inc. ("MWSS") or anyone acting on its behalf pertaining or relating to property located at or about 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

7.   Any and all photographs, videos or other documents, items or things memorializing, evidencing, and/or documenting the work performed and/or goods provided by MWSS, Inc. ("MWSS") or anyone acting on its behalf at the property located at 13225 Centech Road in Omaha, Sarpy County, Nebraska which is owned and/or operated by Quality Brands, Gillick Enterprises, Inc. and/or Gross Point Holdings, LLC.

8.      All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 1 attached hereto.

9.      All documents, items and/or things of any type, variety or description regarding or pertaining to Exhibit 2 attached hereto.

# MWSS, INC

# Proposal

**15954 S. Mur-Len Rd #251**
**Olathe, KS 66062**
**913.481.7020**
br.mwss@outlook.com

**Date:** 1/24/2017
**Proposal #:** 489
**Project:** QB Omaha - Bldg 1 Reroof

**Prepared For:**
Millard Roofing & Gutter
14545 Industrial Road #2
Omaha, NE 68144

| Terms |
| --- |
| Due on completion |

| Item | Description | Total |
| --- | --- | --- |
| | MWSS, INC will supply the material, labor and equipment to tear off and replace the roof on a 9,545 sf metal building, as follows: | |
| | * Tear off existing insulation and roof panels<br>* Install new 6" roof insulation<br>* Install new 24ga Ultra-Dek standing seam roof panels<br>* Install gutters and downspouts on low sidewall<br>* Install gable trim on both endwalls<br>* Install eave trim on high sidewall<br>* Install (6) DekTite flashings for existing roof penetrations<br>* Includes screws and pop rivets | |
| MATERIAL | Material to complete (due on delivery) | 48,800.00 |
| LABOR | Labor and Equipment to complete | 27,800.00 |

**EXHIBIT**
**I**

| Pricing good for ninety (90) days | **Total** | **$76,600.00** |
| --- | --- | --- |

SIGNATURE _____

**MWSS, INC**

28602 S. State Route D
Cleveland, MO  64734
Robert Robinson
913-481-7020

**August 5, 2015**

**TO:**

**MILLARD ROOFING & GUTTER**
**OMAHA, NE 68144**

**ATTN: Josh**

**JOB:**  Quality Brands 13255 Centech Rd Omaha, NE
            Building #1      9,545 sf  -  Reroof

For the sum of $71,000, MWSS, INC proposes to furnish the following
labor, equipment and materials:

Tear off existing roof, install new insulation and resheet with 24ga
standing seam (polar white), install gutter and downspouts on low
sidewall, includes gable trim on both endwalls, high eave trim on the
high sidewall, six Dektites for existing pipe in the roof, screws and pop
rivets.

| | |
|---|---|
| **MATERIAL** | $ 44,200.00 |
| **LABOR / EQUIPMENT** | $ 26,800.00 |
| **TOTAL** | $ 71,000.00 |

**CUSTOMER ACCEPTANCE**

MWSS, INC

_Robert Robinson_

**EXHIBIT**

**2**

tabbies®

PSuppDis000513

**MWSS, INC**

28602 S. State Route D
Cleveland, MO  64734
Robert Robinson
913-481-7020

**August 5, 2015**

TO:
   **MILLARD ROOFING & GUTTER**
   **OMAHA, NE 68144**

**ATTN: Josh**

JOB:   **Quality Brands 13255 Centech Rd Omaha, NE**
      **Building #1    9,545 sf  —  Resheet Walls**

For the sum of $38,500, MWSS, INC proposes to furnish the following
labor, equipment and materials:

Tear off existing wall sheets, install new insulation and resheet with
26ga embossed finish wall sheets, including base trim, corner trim, door
trim, and door wraps.


| | |
|---|---|
| **MATERIAL** | $ 18,500.00 |
| **LABOR / EQUIPMENT** | $ 20,000.00 |
| **TOTAL** | $ 38,500.00 |


CUSTOMER ACCEPTANCE

_____

MWSS, INC

*Robert Robin[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MILLARD GUTTER COMPANY, a | ) | CASE NO: 8:18-cv-23 |
| Corporation d/b/a MILLARD ROOFING | ) | |
| AND GUTTER, GILLICK | ) | |
| ENTERPRISES, INC., and | ) | |
| GROSS POINT HOLDINGS LLC, | ) | **NOTICE OF OBJECTIONS** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE INSURANCE a/k/a or | ) | |
| d/b/a NATIONWIDE, and DEPOSITORS | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Please take notice that Plaintiff objects to the Notice of Intent to Serve Subpoena Duces Tecum issued by Defendants Nationwide Insurance and Depositors Insurance Company to:

Mejia Roofing

SOS Heating, Cooling & Electrical Co., Inc.

MWSS, Inc.

Plaintiff states that the Notice is untimely as discovery has closed. Further, Defendants should be estopped from seeking production of documents and potential depositions at this juncture given the Defendants' failure and refusal to provide any responses to the Deposition Duces Tecum served upon Defendants prior to the close of Discovery – which the Defendants did not object to. It is grossly unreasonable for Defendants to refuse to produce items in response to a Deposition Duces Tecum notice issued upon Defendants, and, which Defendants had in advance for months, and then seek to issue a notice for subpoena duces tecums and potential depositions after discovery has closed.

In addition, Plaintiff objects to the Notice of Intent to serve the subpoenas because the documentation sought is irrelevant and immaterial to the matters at issue in this case. Plaintiff previously objected to discovery on these topics and Defendants took no action to seek to compel responses or to seek to overrule said objections that had been pending for years. To seek this

information at this late stage would greatly expand and alter the scope of discovery in this case if allowed.  By way of example, and not as a limitation, Plaintiff notes that Defendants have not identified any expert to opine upon the fairness or reasonableness of Plaintiff's charges, nor did the Defendants identify any challenge to the fairness or reasonableness of Plaintiff's charges in Defendants' 30(b)6 Deposition responses.

All categories upon the Exhibit "A", including items 1-14 are objected to as untimely, irrelevant to the issues in dispute in this case, they would contain confidential and proprietary information.  Further, independently, Defendants should be estopped from seeking to issue notices for depositions duces tecum, given that the Defendants have failed and refused to provide material responsive to the deposition duces tecum served upon them, which they were afforded months to respond to and failed to do so, despite no objection.

> MILLARD GUTTER COMPANY, a
> Corporation d/b/a MILLARD ROOFING
> AND GUTTER, Plaintiff
>
> /s/ Theodore R. Boecker, Jr.
>
> By:  _____
>
> Theodore R. Boecker, Jr., NE #20346
> BOECKER LAW, P.C., L.L.O.
> 1045 N. 115th Street Suite 125
> Omaha, Nebraska 68154
> Tele:   (402) 933-9500
> Fax:   (402) 933-7983
> Email:  boeckerlaw@msn.com
> ATTORNEY FOR PLAINTIFF MILLARD
> GUTTER COMPANY

## **Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served via electronic filing and/or sent by first class, United States mail, postage prepaid, on this the 8th day of March 2023, to the following:

Matthew D. Hammes
LOCHER PAVELKA DOSTAL
BRADDY & HAMMES, LLC
200 The Omaha Club
2002 Douglas Street
Omaha, Nebraska 68102

John M. Walker, NE #23250
LAMSON DUGAN AND MURRAY LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114-3743

*/s/ Theodore R. Boecker, Jr.*
_____

## LOCHER PAVELKA DOSTAL BRADDY & HAMMES, LLC
ATTORNEYS AT LAW

Jay L. Welch (1936 – 2008)
Thomas M. Locher*
Donald J. Pavelka, Jr.*
Kevin J. Dostal
Thomas M. Braddy*
Matthew D. Hammes*
Gregory L. Galles*
Douglas W. Krenzer*

200
The Omaha Club
2002 Douglas Street
Omaha, Nebraska 68102-1210
Phone: (402) 898-7000
Fax: (402) 898-7130
Web Site: www.lpdbhlaw.com
E-mail: lpdbh@lpdbhlaw.com

IOWA OFFICE
421 West Broadway, Suite 401
Council Bluffs, Iowa 51503-0819

Matthew E. Eck*
Joel E. Feistner
Amy M. Locher*
Maggie E. Frei*^

*(Also admitted in Iowa)
^(Also admitted in New York)

March 21, 2023

**VIA EMAIL ONLY**
Hon. Michael D. Nelson
United States Magistrate Judge
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, #2271
Omaha, NE 68102

Re:     *Millard Gutter Company, Gross Point and Gillick vs. Nationwide and Depositors*
        Case No.:  8:18CV23

Dear Magistrate Judge Nelson:

Please accept this letter as the position statement of Defendants Nationwide Insurance and Depositors Insurance Company ("Defendants") with regard to a discovery issue that has arisen in this matter.

Stated directly, on February 27, 2023, Defendants issued a Notice of Intent to serve subpoenas on third-parties. Prior to issuance of the Notice of Intent, I reviewed the various Case Progression Orders, and did not identify any time limitation or deadline pertaining to issuance of Fed. R. Civ. Pro. 45 subpoenas to non-parties. The only "limitation" I identified was regarding Local Rule 45.1, which requires that Defendants provide a 10 day Notice of Intent to serve the subpoenas. In reviewing the Rule 26(f) report and Amended Progression Orders, I only identified a deadline for written discovery for Rules 33, 34, and 36. Those deadlines are identified in Paragraph No. 3 of ECF No. 40; Paragraph No. 5 of ECF No. 34; and Page 16, Paragraph E and Page 19, Paragraph G, and ECF No. 33. Again, there was no deadline pertaining to Rule 45.

After issuance of the Notice of Intent, Millard Gutter provided a written objection. Millard asserts that the subpoenas are untimely, and the documentation sought is irrelevant and immaterial.

Upon receipt of the written objection from Millard, I reached out to counsel for Plaintiffs, for the purpose of conferring by telephone to see if a resolution could be met. We had telephone conversations on Friday, March 10, 2023, and again on Tuesday, March 14, 2023.

With regard to Millard's objection based on service of the subpoenas as untimely, I advised counsel for Plaintiffs that I had reviewed Rule 45 and Local Rule 45.1, and compared them with the Progression Orders in place, and advised that I did not find any deadline or time limitation on issuance of subpoenas to third-parties, other than the requirement to provide a 10-day Notice of Intent to serve subpoenas to all parties.  Since our two conversations, I have also researched case law looking to identify a case that limited the time to issue subpoenas to third parties, and I did not find any such cases.  I did identify the matter of *Bailey v. City of Bellevue*, No. 4:18CV3132, 2020 U.S. Dist. LEXIS 85552, at *8-9 (D. Neb. May 15, 2020), a matter you had decided, dealing with issuance of subpoenas to a third-party.

In Bailey, you stated "[t]he federal and local rules limit a party's capacity to object to discovery requested in a third-party subpoena. See Fed. R. Civ. P. 45; NECivR 45.1. "[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." *Jenkins v. Pech*, No. 8:14CV41, 2015 U.S. Dist. LEXIS 20837, 2015 WL 728305, at *3 (D. Neb. Feb. 19, 2015)(citing *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 U.S. Dist. LEXIS 46544, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009)), *Bailey v. City of Bellevue*, No. 4:18CV3132, 2020 U.S. Dist. LEXIS 85552, at *8-9 (D. Neb. May 15, 2020).

In this instance, Defendant has, in the past, requested the information sought in the subpoenas directly from Plaintiffs.  In Millard's Initial Disclosures, and in part both in its original written discovery responses and supplemental responses, Millard has provided some of the information pertaining to the amounts actually spent on subcontractors, for labor, materials, and taxes, but has not provided all of the requested information.  The materials produced by Plaintiffs are attached to the subpoenas, which are being served on the entities Defendants understand actually performed repair work at issue in this matter.  Those same entities have been identified by Plaintiffs in their Expert Designation (ECF No. 20, Paragraph No. 4).

The information is relevant and material to determining the validity of the claims, and invoicing, submitted by Plaintiffs to Defendants, and to sort out exactly what work was performed and materials installed.  Defendants have requested the information in discovery previously, and Plaintiffs have refused and objected to providing all of the information at this time.  After refusing to discuss most aspects of the subcontractor's work and billing at the 30(b)(6) deposition of Millard Gutter taken on February 17, 2023, Defendants have now sought to obtain the information directly from the subcontractors.  Defendants, therefore, think the subpoenas are timely and seek relevant information.

Thank you, in advance, for your kind consideration of these matters. We look forward to discussing these issues with you tomorrow afternoon.

Respectfully,

LOCHER PAVELKA DOSTAL BRADDY & HAMMES,LLC

Matthew D. Hammes



## LAMSON DUGAN & MURRAY LLP

### ATTORNEYS AT LAW

March 21, 2023

Magistrate Judge Michael D. Nelson
 [email, nelson@ned.uscourts.gov]
United States District Court for the District
 of Nebraska
Roman L. Hruska Federal Courthouse
111 South 18th Plaza, Suite 1152
Omaha, NE  68102

>Re:  *Millard Gutter Company v. Nationwide Insurance, et al.*
>Case No. 8:18-cv-00023

Dear Magistrate Judge Nelson:

Per your request, please consider this the statement of Plaintiffs Gillick Enterprises, Inc. ("Gillick") and Gross Point Holdings, LLC ("Gross Point") in relation to Defendants' Notice of Intent (NOI) to Serve subpoenas on Mejia Roofing & Contractors, Inc., SOS Heating, Cooling & Electrical Co., Inc., and MWSS, Inc.  As you have seen, these subpoenas contain requests for anywhere from nine to sixteen different categories of documents.

These NOIs were issued five years after the filing of the current lawsuit. And while I have been unable to locate a deadline for issuance of subpoenas in any Case Progression Order, note that the Third Amended Case Progression Order (Doc #40), filed on August 6, 2021, contains a December 15, 2021 deadline for discovery under Rules 33, 34, and 36.

Trial of this matter is scheduled to begin August 8, 2023.  Defendants' position is essentially that because there is no deadline for issuance of subpoenas in any progression order, they are able to issue unlimited subpoenas, until the eve of trial.

Defendants will likely argue that any documents obtained via 11th hour subpoenas would need to comply with pretrial exhibit disclosure deadlines.  However, that does nothing to change the fact that, if Defendants' position is adopted they could:

-   Issue unlimited subpoenas between now and trial;
-   Causing Plaintiffs to spend time evaluating and responding to said subpoenas;
    o   Possibly resulting in additional discovery disputes and possible motion practice;
-   Potentially leading to the production of an uncertain number of documents;

**OMAHA**

10306 Regency Parkway Dr
Omaha, NE 68114
P: 402-397-7300 | F: 402-397-7824

**DES MOINES**

1045 76th Street | Suite 3000
West Des Moines, IA 50266
P: 515-513-5003 | F: 515-298-6536

**LINCOLN**

5100 Van Dorn Street #6812
Lincoln, NE 68506
P: 402-475-9400 | F: 402-475-9419

www.ldmlaw.com

Magistrate Judge Michael D. Nelson
March 21, 2023
Page 2

- All of which would need to be reviewed, analyzed, organized and otherwise evaluated;
- Instead of the parties focusing on trial preparation.

Under Rule 26(b)(2)(c)(ii), the court *must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

the party seeking discovery has had ample opportunity to obtain the information by discovery in the action

Here, on or about April 23, 2018, Plaintiffs made their initial disclosures. Included in these initial disclosures were the identity of Mejia Roofing; SOS Heating, Cooling & Electrical CO., Inc., and MWSS, Inc. Inexplicably, Defendants have waited almost five years to issue their NOIs on these entities. Thus, Gillick and Gross Point request that the court preclude issuance of the subpoenas at issue.

Caselaw agrees that issuance of subpoenas after the deadline for discovery has expired is frowned up. As stated by the court in *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997):

The obligation of a party to monitor an opponent's discovery, as allowed by Rule 45 Subpoenas, is no less burdensome or expensive than that demanded by the other methods of formal discovery and, in fact, can be considerably more burdensome and expensive than those forms of discovery which are unquestionably regulated by Rule 16.

Moreover, to allow a party to continue with formal discovery-that is, discovery which invokes the authority of the Court-whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial, to continued involvement in the discovery, and in the nondispositive motion process. We can find no plausible reason to exempt Rule 45 discovery from the time constraints that are applicable to all of the discovery methods recognized by the Federal Rules of Civil Procedure.

*Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) *see also McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (stating that "when a plaintiff . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied").

Magistrate Judge Michael D. Nelson
March 21, 2023
Page 3


      Based on the above, Gillick and Gross Pointe respectfully request that the NOIs issued by Defendants be quashed.

                    Sincerely,

                    LAMSON DUGAN & MURRAY LLP

                    *John M. Walker*

                    John M. Walker,  Partner
                    jwalker@ldmlaw.com
                    FOR THE FIRM

JMW:clh
Enclosure


4874-8270-5496, v. 1

**Harrold, Connie**

| | |
|---|---|
| **From:** | Walker, John |
| **Sent:** | Tuesday, March 21, 2023 9:27 AM |
| **To:** | Harrold, Connie |
| **Subject:** | FW: Millard Roofing and Gillick Enterprises v. Nationwide/Depositors |
| **Attachments:** | Initial.Disclosures.4.23.18.pdf |

---

**From:** Ted Boecker <boeckerlaw@msn.com>
**Sent:** Monday, April 23, 2018 3:34 PM
**To:** Matthew Hammes <MHammes@lpdbhlaw.com>; Walker, John <jwalker@ldmlaw.com>
**Cc:** Moyers, Rachel <rmoyers@ldmlaw.com>
**Subject:** Re: Millard Roofing and Gillick Enterprises v. Nationwide/Depositors

Matt:


Please see attached Initial Disclosures from Plaintiff.  I'm scanning in the documents and will send them on disk via mail with disclosure.


Ted Boecker

---

**From:** Matthew Hammes <MHammes@lpdbhlaw.com>
**Sent:** Friday, April 13, 2018 12:34 PM
**To:** Walker, John; Ted Boecker
**Cc:** Moyers, Rachel
**Subject:** RE: Millard Roofing and Gillick Enterprises v. Nationwide/Depositors

John:

That is perfectly fine with me.  Let's make service due on April 23 – thank you.

Ted:  If that doesn't work for you and/or is unacceptable, would you let us know right away?  Thank you.

Matthew D. Hammes
Locher Pavelka Dostal Braddy & Hammes, LLC
200 The Omaha Club
2002 Douglas Street

1

Omaha, NE 68102
Phone 402-898-7000
Fax 402-898-7130
E-Mail: mhammes@lpdbhlaw.com
Web: http://www.lpdbhlaw.com

 

---

This e-mail (including attachments) may be attorney/client privileged and is confidential information covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and any other applicable law, and is intended to be reviewed by only the individual, organization or entity named above. If you are not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any review, retention, dissemination, distribution or copying of this communication is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system in to which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Locher Pavelka Dostal Braddy & Hammes, LLC or the author hereof in any way from its use. If you have received this communication in error, please immediately notify us by return e-mail. Thank you.

---

**From:** Walker, John [mailto:jwalker@ldmlaw.com]
**Sent:** Friday, April 13, 2018 12:20 PM
**To:** Matthew Hammes; Ted Boecker
**Cc:** Moyers, Rachel
**Subject:** RE: Millard Roofing and Gillick Enterprises v. Nationwide/Depositors

Matt,

Any problem if we bump them back to April 23?  I'm a little jammed up trying to get something out today and I have a few hearings early next week.  Let us know if that works for you.  Thanks.

John



**JOHN M. WALKER**
PARTNER

LAMSON, DUGAN & MURRAY BUILDING
10306 Regency Parkway Drive | Omaha, NE 68114
P: (402) 397-7300 | F: (402) 397-7824
jwalker@ldmlaw.com

The information contained in this email contains confidential information from Lamson, Dugan & Murray, LLP that is intended solely for the recipient set forth above. Any redistribution, copying or other dissemination of the contents of this transmission is prohibited. Please be advised that the contents of this email may be intercepted or diverted through transmission over the internet and therefore the security of this email cannot be guaranteed by the sender.

---

**From:** Matthew Hammes [mailto:MHammes@lpdbhlaw.com]
**Sent:** Friday, April 13, 2018 11:52 AM
**To:** Walker, John; Ted Boecker
**Subject:** Millard Roofing and Gillick Enterprises v. Nationwide/Depositors
**Importance:** High

John and Ted:

Initial disclosures are due on April 15, 2018 – which is this Sunday. The ECF is also going down today at 12:00 p.m., through the weekend, to upgrade the system.

With that in mind, I propose we all agree to serve Initial Disclosures on Monday, April 16, 2018.

Is that acceptable to both of you?  Please advise, and thank you.

Matthew D. Hammes
Locher Pavelka Dostal Braddy & Hammes, LLC
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102
Phone 402-898-7000
Fax 402-898-7130
E-Mail: mhammes@lpdbhlaw.com
Web:  http://www.lpdbhlaw.com

 

_____

This e-mail (including attachments) may be attorney/client privileged and is confidential information covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and any other applicable law, and is intended to be reviewed by only the individual, organization or entity named above. If you are not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any review, retention, dissemination, distribution or copying of this communication is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system in to which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Locher Pavelka Dostal Braddy & Hammes, LLC or the author hereof in any way from its use. If you have received this communication in error, please immediately notify us by return e-mail. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MILLARD GUTTER COMPANY, a )   CASE NO: 8:18-cv-23
Corporation d/b/a MILLARD ROOFING )
AND GUTTER, GILLICK )
ENTERPRISES, INC., and )
GROSS POINT HOLDINGS LLC, )
　 )   **PLAINTIFFS' INITIAL**
　　　　　　Plaintiffs, )   **DISCLOSURES**
　 )
　　vs. )
　 )
NATIONWIDE INSURANCE a/k/a or )
d/b/a NATIONWIDE, and DEPOSITORS )
INSURANCE COMPANY, )
　 )
　　　　　　Defendants. )

Come Now Plaintiffs and for their initial disclosures states as follows:

## I.　　INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Plaintiffs' initial disclosure is made without the benefit of any discovery and accordingly may be supplemented.

Jim Eggers, 14545 Industrial Road, Omaha, Nebraska 68144, 402-492-9494.  Mr. Eggers would have knowledge regarding the construction process and procedures used by Millard Roofing and Gutter, as the General Manager of the Plaintiff Millard Gutter, including knowledge regarding the assessment of damage to the subject property, obtaining authorization and assignments to proceed with work, and communication with adjusters and representatives of Defendants regarding the insured's claim.

Josh Roza, 14545 Industrial Road, Omaha, Nebraska 68144, 402-492-9494.  Salesperson. Would have knowledge of the assessment of damage to the subject property, obtaining authorization and assignments to proceed with work, and communication with adjusters and representatives of Defendants regarding the insured's claim.

Kelli Eggers, 14545 Industrial Road, Omaha, Nebraska 68144, 402-492-9494.  Ms. Eggers serves as President of the Plaintiff.  Mrs. Eggers would have knowledge regarding billings and the customer account.

Rhett Shepherd, 14545 Industrial Road, Omaha, Nebraska 68144, 402-492-9494.  Salesperson.  Would have knowledge of inspection and assessment of damage to property.

Carrie Ann Buchanan, 14545 Industrial Road, Omaha, Nebraska 68144, 402-492-9494.  Administrative Assistant would have knowledge of scheduling and transmittal of various documents to insured or Nationwide.

Jayme Newman, 14545 Industrial Road, Omaha, Nebraska 68144, 402-492-9494.  Administrative assistant would have knowledge of scheduling and transmittal of various documents to insured or Nationwide.

Various administrative staff of Millard Roofing and Gutter: various secretarial or support staff may have knowledge of receipt or transmittal of paperwork or calls coming into office from the insured and/or representatives of Defendants.

Employees of Quality Brands, Gillick Enterprises, Gross Point Holdings, and/or affiliates thereof, including: Anthony Gillick, 13255 Centech Road, Omaha, NE 68138.  Would have knowledge of damage to property, defendants' bad faith, and communication with Millard Gutter and the Defendant insurance companies.

Employees of Nationwide and/or Depositors Insurance Company, including David Heller, 3820 109th Street, Dept. 5574, Des Moines, Iowa 50391-5575 and Steve McDonnell, One Nationwide Gateway, Dept. 5574, Des Moines, Iowa 50391.  Would have knowledge of Defendants' assessment of damage and response to the subject claim.

Employees of HAAG Engineering, 4949 W. Royal Lane, Irving, Texas 75063, including David L. Teasdale and Scott J. Morrison, understood to have conducted some analysis of the subject property at the request of Nationwide/Depositors Insurance Company.

Employees of Grayco, 300 Ozark Trail Drive, Suite 210, Ellisville, MO 63011, including Christopher R. Demien, understood to have conducted some analysis of the subject property at the request of Nationwide/Depositors Insurance Company.

Carl E. Martin, Engineering Perspective, Inc., 2601 S. Hub Dr. North, Ste. A, Independence, Missouri 64055, conducting engineering analysis of damage to subject property.

Employees of subcontractors and suppliers may have knowledge regarding damage and proposed work to be performed by subcontractors, including Raul Mejia Rueda of Mejia Roofing, 2910 Daniell Circle, Bellevue, NE 68123; SOS Heating, Cooling & Electrical Co., Inc., 8314 Maple Street, Omaha, NE 68134, and MWSS, Inc., 28602 S. State Route D., Cleveland, MO 64734.

## II. CATEGORIES AND LOCATION OF DOCUMENTS:

1. Millard Roofing maintains a file for its insured customer who assigned a claim for repair of storm damage, which would include a copy of the authorization and assignment; a copy of any adjustment/estimate of loss the insured or Nationwide/Depositors Insurance has provided to Millard Roofing for the insured's property, Millard Roofing's estimate(s) of damage; documentation reflecting measurements of the structures to be repaired, engineering estimates obtained for assessment of damage to the subject property and communication to or from Nationwide/Depositors Insurance regarding the claim. As work is performed additional documentation, including invoices and statements will be generated based upon the work performed.

2. Plaintiffs understand that Nationwide/Depositors would maintain a file for the subject claim, which Plaintiffs anticipate includes Nationwide/Depositor's estimate of the cost of repair; a copy of the policy(ies) issued to the insured; any communication to or from the insured regarding the claim; any communication to or from Millard Gutter regarding the claim; copies of communication transmitted to or received from agents and consultants, including Drayco and HAAG Engineering, as well as copies of any checks or payments relative to the insured's claim.  Plaintiffs also anticipate that Nationwide/Depositors maintains one or more manuals, memos, or employee directives concerning the manner in which storm damage claims are assessed and valued.

## III. COMPUTATION OF DAMAGES

Millard Gutter can only estimate the damages, as all work has not yet been completed due to the Defendants' failure and refusal to approve necessary repairs in accordance with industry standards and Defendants' policy obligations.  Millard Gutter calculates that damages are not less than the current Estimate for repairs of $2,976,021.80, together with the costs of engineering reports from Engineering Perspective, Inc. to validate the scope of damage of $4,986.64 and $2,028.00, for a total estimated unpaid balance of $2,983,036.44, which would be reduced by the $1,000 deductible understood to be applicable to the subject policy.  It should be noted that the final claim may vary to the extent additional damage or scopes of repair work are identified during the repair process.  In addition, Gillick Enterprises, Gross Point Holdings and/or Quality Brands should be re-imbursed for the cost of core testing of the property, in the amount of $813.37, which has been paid.  In addition, it is anticipated that Gillick Enterprises, Gross Point Holdings, and/or Quality Brands will have losses associated with business interruption during the repair process in addition to consequential damages due to Defendants' bad faith.

## IV. INSURANCE

Plaintiffs, at this time, are not aware of any insurance agreement under which any persons carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in favor of Plaintiffs or to indemnify or reimburse Defendants for payments to satisfy the judgment, other than the insurance policies issued by the Defendants to Gillick Enterprises, Inc. and/or affiliates thereof, including the policy identified as Policy Number ACP CPPD 7245729129.

MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER, Plaintiff

By:    /s/ Theodore R. Boecker, Jr.

Theodore R. Boecker, Jr., NE #20346
BOECKER LAW, P.C., L.L.O.
11225 Davenport Street, Suite 100
Omaha, Nebraska 68154
Tele: (402) 933-9500
Fax:  (402) 933-7983
Email: boeckerlaw@msn.com

and

GILLICK ENTERPRISES, INC., and GROSS POINT HOLDINGS, LLC, Plaintiffs,

By:    /s/ John M. Walker

John M. Walker, #23250
LAMSON, DUGAN & MURRAY LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
Tel:    (402) 397-7300
Fax:   (402) 397-7824 Fax
E-mail: jwalker@ldmlaw.com

ATTORNEYS FOR PLAINTIFFS GILLICK ENTERPRISES, INC., and GROSS POINT HOLDINGS, LLC

BOECKER LAW, P.C., L.L.O.
1045 N. 115th Street
Suite 125
Omaha, NE  68154
----------
phone: (402) 933-9500
fax: (402) 933-7983
email: Boeckerlaw@msn.com

Theodore R. Boecker, Jr.
(licensed in Iowa and Nebraska)

Tuesday, March 21, 2023

Magistrate Judge Nelson

Re:      Millard Gutter Co./Gillick  vs. Nationwide / Case No: 8:18-cv-23

Dear Magistrate Judge Nelson:

You have requested a submission on the dispute over the issuance of subpoenas.  Millard Gutter's position is that the subpoenas are untimely and seek information outside the appropriate scope of relevant discovery.

This case involves a dispute over coverage of loss to a commercial building arising out of storm damage.  Both the insurance company and the contractor, Millard Gutter, base their pricing upon Xactimate estimating software.  There are two (2) material differences in the pricing.  Most significantly, Millard Gutter's invoices includes replacement of the entire Gillick roof for two (2) alternative independent reasons: (1) that the roof suffered direct physical loss, which required repair and replacement in accordance with applicable standards arising from hail impact; and, (2) separately, the scope of repairs approved by the insurance company triggered replacement of the roof because the authorized repairs entailed removal of portions of the existing EPDM roofing system which, in turn, triggered the requirement to replace the entire roof because the age of the existing roofing rendered it irreparable – the new EPDM portions could not be adhered to the old EPDM portions and under Nebraska law the entirety of the roof was then covered because it represented consequential physical damage from the authorized repairs.  The insurer does not recognize any replacement of the roof.  The other main difference in pricing is that the insurer has only paid actual cash value at 2012 prices.

Back in 2019, Defendants requested production in request number 9 of "all documents evidencing any type of payment" for "any materials used".  Millard Gutter objected that the requested "sought confidential and proprietary information which was irrelevant to any of the claims or issues in this proceeding.  Both parties utilize Xactimate standard pricing to determine the fair and reasonable proposed charges for the work and the Defendants, as its regular course, custom and practice do not seek production of any materials purchased."  Similarly, request number 4 sought "any and all invoices" issued by any subcontractor or supplier.  Millard Gutter objected noting "disclosure of any subcontractor or supplier invoicing as such information is irrelevant and immaterial to any claim at issue and dispute in these proceedings, as Plaintiff's internal costs are not relevant to the fair and reasonable charges charged for the scope of work, as is the custom and practice within the industry" and noting Defendants "utilizing Xactimate standard pricing to determine fair and reasonable charges" and that Defendants had no "custom or practice" of seeking production of any subcontractor or supplier invoices on other projects".  These objections were pending since September 2019 and never challenged.

Likely recognizing that their time to seek discovery had passed, by virtue of the fact that they did not address the objection for years, after the close of discovery and after the Court's last scheduling conference, the Defendants suggested they were now going to issue subpoenas and set Deposition Duces Tecums.  Such items had not been mentioned at all by the Defendant during the last conference with the

Court, nor in advance of the close of the discovery deadline.  The research that Plaintiff has conducted suggests that Courts impose the discovery deadline on Rule 45 subpoenas, consistent with deposition deadlines and the like.  See, e.g., *Rosciszewski v. Marquette Transp. Co., LLC*, No. 17-06592, 2018 U.S. Dist. LEXIS 120684, 2018 WL 3475368, at *1 (E.D. La. July 19, 2018) (citing at 9A Fed. Prac. & Proc. Civ. § 2452;*Goldstein v. F.D.I.C.*, 494 B.R. 82, 87 ("[C]ourts have held that 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery."); *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585 (S.D. Ala. 2010) (subpoena duces tecum was denied because it would have allowed defendant to circumvent discovery deadline); *Surbella v. Foley*, No. 05-758, 2006 U.S. Dist. LEXIS 55749, 2006 WL 300749 (D.C. Ohio 2006) (A subpoena issued before the close of discovery that scheduled a deposition after the end of the discovery period was not enforced); *Alper v. United States*, 190 F.R.D 281 (D.C. Mass. 2000)(Rule 45 subpoenas are subject to parameters established by Rule 26))....*Rosciszewski*, 2018 U.S. Dist. LEXIS 120684, 2018 WL 3475368, at *1 (citing 9A Fed. Prac. & Proc. Civ. § 2459); *Becnel v. Salas*, No. 17-17965, 2018 U.S. Dist. LEXIS 17361, 2018 WL 691649, at *2 (E.D. La. Feb. 2, 2018) (citing *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 83 (D. Me. 2008) ("'parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery'") (quoting 9A C. WRIGHT, A. MILLER, M. KANE, R. MARCUS, A. SPENCER, A. STEINMANN, FEDERAL PRACTICE AND PROCEDURE § 2452 (3d ed. 2018)); *In re Papst Licensing GmbH Patent Litigation*, No. 99-1298, 2001 U.S. Dist. LEXIS 10012, 2001 WL 797315, at *21 (E.D. La. July 12, 2001) (holding that third-party subpoenas duces tecum constitutes discovery and are subject to the same scope and limitations on discovery established in FED. R. CIV. P. 26(b)(1) and (2)) (citations omitted); *Black v. DMNO, LLC*, No. 16-02708, 2018 U.S. Dist. LEXIS 8503, 2018 WL 488991, at *3 (E.D. La. Jan. 19, 2018) (stating subpoena duces tecum subject to discovery deadline). See also McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (stating that "when a plaintiff . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied") and Rice v. United States, 164 F.R.D. 556, 557, 558 (N.D. Okla. 1995) (stating that "Rule 45 subpoenas duces tecum . . . constitute discovery [and that] [d]efendant was not free . . . to issue subpoenas duces tecum after the discovery deadline").

Basically, in the form of the Rule 45 subpoenas, Defendants are seeking to obtain documents which the Plaintiff objected to producing back in 2019.  Had there been an appropriate challenge, the challenge could have been framed by appropriate pleadings, affidavits, deposition excerpts and briefing. Defendants are seeking to circumvent that process now with the belated Rule 45 subpoenas.  The caselaw cited above appears to preclude that.

If the Defendant is going to be allowed to issue subpoenas, then it should be a two (2) way street and no time limitation should apply to either of the Plaintiffs as there was material requested of the Defendant within the time allowed for discovery, which Defendant ignored and failed to produce. Particularly problematic for Plaintiff is the fact that it issued a Deposition Duces Tecum in connection with a 30(b)(6) notice first sent in July 2022 requesting production of the claim file and any material reviewed in prep for the deposition – because of Defendant's delays, that deposition did not actually take place until February 2023.  At the deposition, the Defendant did not produce its claim file, even though the 30(b)(6) deposition topics would have required review of such file in order to testify as to the topics. The posture taken by the Defendant was it was too late to request such material, even though the request had been in place for 7 months prior to the deposition.  If the subpoenas are allowed, then the Defendants should be required to produce the claim file, as requested in the 30(b)6 notice and it should be clear that if the Plaintiffs wish to issue third party subpoenas for document production, they are also allowed to do so.

Theodore Boecker

cc: Matt Hammes/John Walker