IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a corporation d/b/a MILLARD ROOFING AND GUTTER; GILLICK ENTERPRISES, INC.; and GROSS POINT HOLDINGS, LLC,<br><br>       Plaintiffs,<br><br>  vs.<br><br>NATIONWIDE INSURANCE, a/k/a or d/b/a NATIONWIDE, and DEPOSITORS INSURANCE COMPANY,<br><br>       Defendants. | 8:18CV23<br><br>MEMORANDUM AND ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE |

  This case arising from an insurance claim for hail damage to the roof of a commercial building is before the Court on two Motions in Limine concerning experts. The first is Plaintiffs' Motion in Limine asking the Court to preclude any testimony or evidence, including from any of the Defendants' purported experts, on four topics. Filing 73. The second is Defendants' Motion in Limine to exclude the testimony of one of Plaintiffs' experts. Filing 79. For the reasons stated below, the first motion is denied without prejudice to reassertion at trial, and the second motion is denied.

### I. INTRODUCTION

  The factual and procedural background here are by no means comprehensive. Rather, they are limited to matters relevant to the motions currently before the Court plus some additional matters necessary for appropriate context. More specifically, some additional facts for context are drawn from undisputed allegations in Plaintiffs' Complaint. Filing 1-3 (removed Complaint); Filing 8 (answer). Others are drawn from undisputed facts in the parties' statements of fact in support of their Motions for Summary Judgment, although the Motions for Summary Judgment are not currently being addressed by this order of the Court.

1

## A. Factual Background

At relevant times, plaintiffs Gillick Enterprises, Inc., (Gillick) and Gross Point Holdings, LLC, (Gross Point) were named insureds on a policy for property located in Omaha, Nebraska, issued under the name of defendant Depositors Insurance Company (Depositors). Filing 91 at 1 (¶ 1). Plaintiffs allege that Gillick and Gross Point assigned all the right to proceeds under any and all applicable insurance policies to plaintiff Millard Gutter Company (Millard). Filing 1-3 at 5 (¶ 12). Millard is a contractor doing business in Douglas and Sarpy Counties in Nebraska. Filing 1-3 at 2 (¶ 1). The Court will refer to Plaintiffs collectively as "Millard."

Defendant Depositors is an affiliate of defendant Nationwide Insurance (Nationwide). Filing 8 at 2 (¶ 6). Gillick and Gross Point submitted a claim for storm damage to its commercial building during the covered period, which was accepted by Depositors and Nationwide. Filing 91 at 2 (¶ 2). Nationwide and its agents and employees have been involved in the adjustment of a claimed loss associated with that claim. Filing 1-3 at 3–4 (¶ 4). The Court will refer to Defendants collectively as "Nationwide."

The parties agree that the "Main Building" on the insured property has an "EPDM style" roof, consisting of a rubber membrane[1] over polyisocyanurate rigid foam (ISO board), and a top layer of river rock ballast. *See, e.g.,* Filing 77 at 2 (describing the components of an EPDM style roof); Filing 74 at 3 (noting that the EPDM roof has an EPDM membrane and ISO board underneath). The parties' central dispute is the extent of hail damage and repairs required to the roof of the Main Building. Millard contends that "it became apparent that it was not possible to perform those repairs [authorized by Nationwide] without removal and replacement of the roof assembly, irrespective of whether or not particular areas of the roof had suffered direct physical

---

[1] The Court found an explanation of an "EPDM" membrane as an "Ethylene Propylene Diene Monomer" membrane in a consulting company's report submitted in Plaintiffs' Index in support of their Motion in Limine. Filing 78-3 at 17.

loss." Filing 70 at 2. In contrast, Nationwide disputes that "there was any hail caused damage to the main building necessitating the complete replacement of the main building's roof." Filing 75 at 1.

### B. Procedural Background

Millard originally filed this action in the District Court of Sarpy County, Nebraska, but Nationwide removed it to this Court. Filing 1. In the removed Complaint, Millard asserts that Nationwide breached its contractual obligations under the insurance policy by failing to pay the fair and reasonable costs to effectuate repairs of covered loss and to pay benefits due and owing under the applicable insurance policy. *See, e.g.,* Filing 1-3 at 7 (¶ 30). Millard also asserts that Nationwide breached its obligations of good faith and fair dealing by virtue of its arbitrary and capricious delays and withholding of repair approval without reasonable basis. Filing 1-3 at 9 (¶ 40). Nationwide denies Millard's claims and asserts various affirmative defenses. Filing 8.

The question raised by the Motions in Limine now before the Court is whether experts designated by the parties have admissible opinions on matters related to the extent of hail damage and repairs required to the roof of the Main Building. Nationwide has designated seven experts. Filing 25. For six of the experts, the designation takes the form "[Name] is expected to testify on the subjects found within, and to express opinions consistent with those found within, [a specific named consulting company's] reports previously provided to Plaintiffs and incorporated herein by reference." Filing 25 at 1–2 (¶¶ 1-6). Two experts will testify consistent with the reports of HAAG Engineering. *See* Filing 25 at 1 (¶¶ 1–2); *see also* Filings 78-2, 78-3, and 78-4 (HAAG Engineering reports, dated respectively November 3, 2016, May 1, 2017, and August 2, 2017). One expert will testify consistent with the report of Grayco Roofing Consultants. *See* Filing 25 at 2 (¶ 3); *see also* Filing 78-5 (Grayco Roofing Consultants report, dated January 6, 2015, but likely actually produced in late 2015 or early 2016, because it is based on inspections on December 3 and 4,

3

2015). One expert will testify consistent with the report of Briem Engineering. *See* Filing 25 at 2 (¶ 4); Filing 78-6 (Briem Engineering report, dated December 16, 2015). Two experts will testify consistent with the report of First Point Consulting, *See* Filing 25 at 2 (¶¶ 5–6); *see also* Filing 78-7 (First Point Consulting report, dated September 23, 2016). Nationwide's seventh designated expert is David C. Heller. Filing 25 at 2. The designation for Mr. Heller states, "Defendants anticipate that Mr. Heller may provide testimony which may be deemed expert in nature based upon his specialized training, knowledge and experience as a commercial general adjuster in the insurance industry. Mr. Heller is anticipated to provide testimony that Defendants reasonably investigated and adjusted the claims that form the basis of Plaintiffs' action." Filing 25 at 3–4 (¶ 7).

Based on these reports, Nationwide provided Millard with what the Court will call the "Weber Estimate," dated November 21, 2017. Filing 91 at 2 (¶ 2). Nationwide asserts that the Weber Estimate sets forth the nature and extent of adjusted and approved repairs for which Depositors has issued payment. Filing 91 at 3 (¶ 5). The Weber Estimate does not include replacement of the roof to effect the repairs authorized by Nationwide, and Nationwide denies that replacement is necessary. Filing 91 at 3–5 (¶¶ 6–8).

Millard designated witnesses whose testimony "may be deemed to be expert in nature." Filing 20. Only one, Carl E. Martin, is at issue in Nationwide's Motion in Limine. Millard's designation of Mr. Martin, in its entirety, states the following:

> Although not engaged to provide expert testimony solely for purposes of litigation, Plaintiff anticipates it will elicit testimony that may be deemed expert in nature from Carl E. Martin, P.E. of Engineering Perspective Inc. expressing the opinions set forth [in] Reports previously provided to Defendants and incorporated herein by reference. Mr. Martin is a fact witness and engineer who provided reports that have been made available to Defendants and their consultants detailing the damages observed at the subject property and the fact that the damages were a direct consequence of a storm.

Filing 20 at 3 (¶ 3). Mr. Martin's reports are found at Filing 95-3, Filing 95-4, and Filing 95-5, and are dated respectively May 4, 2016, March 7, 2017, and November 20, 2017.

4

## II.  LEGAL ANALYSIS

The parties' Motions in Limine both involve requests to exclude testimony of experts. However, they are not based on the same legal authorities. Therefore, the Court will consider them separately, beginning with Millard's Motion in Limine.

### A.  Millard's Motion in Limine

Millard seeks an order "precluding any testimony or evidence, including from any of Defendants' purported experts," on the following four topics:

1. Any testimony or evidence as to fair and reasonable charges of a contractor performing work in Omaha, Nebraska, including any testimony or evidence that Millard Gutter's invoices charges were not fair and reasonable in amount as to the work performed.

2. Any testimony or evidence concerning what a contractor performing work in accordance with the standards applicable in Omaha, Nebraska would perform in the usual course and custom of performing storm repair work at the Gillick property.

3. Any testimony or evidence controverting any testimony or opinions as to the repairability of the roof at Gillick Enterprises, including but not limited to any repairability issues related to the repairs approved by the Defendants.

4. Any testimony or evidence that Millard Gutter's work was beyond the scope of necessary and appropriate repairs to repair storm damage.

Filing 73 at 1; Filing 74 at 1.

Millard argues that expert designations and disclosures on these issues were required by Federal Rule of Civil Procedure 26(a)(2) but were never made and that the deadline to make such disclosures is long past. Filing 74 at 4. Consequently, Millard argues that any untimely expert opinions should be precluded at trial pursuant to Federal Rule of Civil Procedure 37. Filing 74 at 4–5. Nationwide states that it "oppose[s] each and every request by Plaintiffs in their Motion in Limine." Filing 86 at 2. Nationwide contends that Millard's Motion is overly broad and seeks to preclude evidence relevant and material to Millard's claims. Filing 86 at 4. Nationwide contends that the evidence is admissible under Federal Rules of Evidence 401, 402, and 403. Filing 86 at 4.

5

In reply, Millard argues that Nationwide "misapprehend[s] the underlying argument within Plaintiffs' motion in limine," which Millard explains is to preclude any previously undisclosed testimony on the issues identified. Filing 97 at 1.

Millard is correct that Nationwide has "misapprehended" Millard's basis for precluding Nationwide's experts from testifying to any of the challenged opinions, where Millard relies on Federal Rules of Civil Procedure 26 and 37, not Federal Rules of Evidence 401, 402, or 403. The Eighth Circuit Court of Appeals has explained,

> Rule 26 requires the disclosure of the identity of any expert witness the parties intend to call at trial. The disclosure must be accompanied by a written report from the expert that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The report must be supplemented if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The report and any supplementation allow the opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment.

*Est. of W. by W. v. Domina L. Grp., PC LLO*, 981 F.3d 652, 654 (8th Cir. 2020). Rule 26 also states, "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

"Where a party fails to make a timely disclosure, [under Rule 26(a)], Federal Rule of Civil Procedure 37(c)(1) provides the district court with the authority to exclude the late-disclosed materials or to fashion a lesser penalty than total exclusion." *Vogt v. State Farm Life Ins. Co*., 963 F.3d 753, 771 (8th Cir. 2020). Before considering whether a sanction is appropriate pursuant to Rule 37(c), a court must first consider whether the evidence was "actually untimely disclosed expert materials" for which disclosure was required by Rule 26(a). *Id.* Also, "Rule 37(c)(1) is applicable only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial.'" *Petrone v. Werner Enterprises, Inc*., 42 F.4th 962, 968

(8th Cir. 2022) (*Petrone II*) (internal quotation marks and citation omitted). In other words, "Rule 37(c)(1) addresses what to do if a party fails to disclose information as required by Rule 26(a) *and* attempts to use that information on a motion, at a hearing, or at a trial." *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 435 (8th Cir. 2019) (*Petrone I*) (emphasis in the original). Imposing a Rule 37(c) sanction before the proponent of the evidence attempts to use it in support of its position on a motion or at a hearing or trial is error. *Id.*

      The Court concludes first that the evidence Millard seeks to exclude would be "actually untimely disclosed expert materials" for which disclosure would have been required by Rule 26(a). *Vogt*, 963 F.3d at 771; *see also* Fed. R. Civ. P. 26(a)(2) (requiring disclosure of evidence under Fed. R. Evid. 702, 703, or 705). The testimony that Millard seeks to preclude more likely than not requires scientific, technical, or other specialized knowledge to help the trier of fact understand the evidence or to determine a fact issue. Fed. R. Evid. 702. Likewise, "a layperson juror" would not be able to make a "common sense determination" of those issues "without the technical aid of an expert." *Cf. United States v. Watkins*, 66 F.4th 1179, 1185 (8th Cir. 2023) (explaining that if a layperson juror could do so, the expert evidence would be superfluous). A layperson juror is highly unlikely to understand what are fair and reasonable charges of a contractor performing work in Omaha, Nebraska; what such a contractor would do in accordance with applicable standards in the area in the usual course and custom of performing storm repair work on the roof of a commercial property with an "EPDM style" roof; what evidence is relevant to the question of the repairability of the roof in question, including repairability issues arising from repairs approved by Nationwide; or whether Millard Gutter's work was beyond the scope of necessary and appropriate repairs to the storm damage to the roof in question. *See* Filing 73 at 1 (identifying the expert evidence to be precluded). Certainly, Nationwide has not argued otherwise.

Rule 26(a) requires timely disclosure under the court's discovery orders. *Est. of W.*, 981 F.3d at 654; Fed. R. Civ. P. 26(a)(2)(D). Here, the last time the expert disclosure deadlines were modified, the deadline for identifying and completing expert disclosures for all experts expected to testify at trial was October 15, 2021, with rebuttal reports due on or before December 1, 2021. Filing 40 at 1 (Aug. 6, 2021, Third Amended Case Progression Order). However, Nationwide's only disclosure of experts occurred on November 16, 2018, well before the deadline. *See* Filing 25. The reports on which Nationwide's experts rely are the basis for the Weber Estimate dated November 21, 2017, Filing 91 at 2 (¶ 2), and Nationwide asserts the Weber Estimate establishes the repairs it is required to cover. Filing 91 at 3 (¶ 5). Nowhere does Nationwide argue that the reports on which its experts and the Weber Estimate rely actually disclosed opinions its experts could state on the topics Millard seeks to preclude those experts from discussing. To put it another way, Nationwide has not identified any parts of the reports its experts rely on that consider let alone reject the need to replace the roof to effect the repairs the reports find were necessary for damage directly caused by hail.

Nevertheless, the Court cannot invoke Rule 37(c) at this time as the basis to exclude any expert opinions on the topics Millard identifies as Millard requests. There simply are no "late-disclosed materials" on those topics that the Court could exclude at trial pursuant to Rule 37(c). *See Vogt*, 963 F.3d at 771. Nationwide has not attempted to—and manifestly cannot—use opinions that it does not have at trial, where no such opinions are to be found in its reports. *Petrone I*, 940 F.3d at 435 (holding that imposing a Rule 37(c) sanction before the proponent of the evidence attempts to use it in support of its position on a motion or at a hearing or trial is error). If Nationwide attempts to produce additional expert reports addressing these topics—reports that Nationwide does not now possess, even though Nationwide asserts the omitted topics go to the "the very nature" of Millard's claims in this case, Filing 86 at 6—and use the experts' opinions in

those reports at trial, the Court will then consider Rule 37(c) sanctions and other matters. Those matters include whether the additional expert reports are "supplemental" within the meaning of Rule 26(a)(2)(E) and Rule 26(e) or entirely "new" opinions; whether Nationwide has forfeited or waived the opportunity to offer such additional reports by failing to do so when Millard raised the issue of the lack of any disclosure of the pertinent opinions in its Motion in Limine; whether Millard can show good cause for belated disclosure of such opinions; and what sanction if any is appropriate under Rule 37(c).

For now, the Court denies Millard's Motion in Limine without prejudice to reassertion if the issue of exclusion of late-disclosed expert opinions pursuant to Rules 26(a) and 37(c) ripens at trial.

### B. Nationwide's Motion in Limine

In its Motion in Limine, Nationwide seeks to prevent Millard from offering any testimony or to limit any testimony offered from Millard's retained expert witness, Carl Martin, P.E. Filing 79. Nationwide's Motion is pursuant to Federal Rules of Evidence 702 and 703 and seeks to exclude Martin's testimony at trial on the ground that it fails to meet the requirements of admissibility set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), and its progeny. Filing 79.

Nationwide argues that Martin's testing fails to meet the requirements of relevance and reliability for expert testimony, because his "hail simulation testing" did not use reliable methodology or fit the facts of the case and because his conclusion that the damage could only have been caused by hail, not myriad other causes, is speculative. Filing 77 at 11. Somewhat more specifically, Nationwide contends that Martin changed several variables in his hail simulation testing, including failing to recreate the roofing system by omitting the ballast layer, using similar ISO board instead of samples from the roof, and using hail larger than the hail that fell in the area.

9

Filing 77 at 13. Nationwide also argues that Martin failed to rule out other possible causes of damage to the roof. Filing 77 at 14. Nationwide contends these failings make Martin's testing and opinions irrelevant and unreliable. Filing 77 at 15–17.

In contrast, Millard argues that Martin used testing that accounted for roofing that was covered by ballast as well as roofing that was not to simulate the true range of ballast conditions on the roof. Filing 94 at 9. Millard also argues that Martin had a number of bases for his opinions besides the challenged hail simulation testing, including observable hail-like damage to the rooftop HVAC units and soft metalwork, which allowed him to extrapolate the extent of hail damages to the EPDM roof. Filing 94 at 12–13. Millard also argues that some of Nationwide's challenges are misdirected. For example, Millard contends that Martin adequately explains his reasons for focusing on a hailstone's kinetic energy rather than simply its size and why he used new ISO board instead of potentially damaged ISO board from the damaged roof. Filing 94 at 14–15. Millard argues that ruling out other causes is not essential to reliability under Eighth Circuit precedent, but even if it is, Martin did adequately explain why he ruled out other causes of damage. Filing 94 at 15–18. Thus, Millard contends that much of Nationwide's argument that Martin's opinions are unreliable is based on Nationwide's mis-portrayals of Martin's testing and reasoning. Filing 94 at 18–23.[2]

A district court's determination on the admissibility of expert testimony is reviewed for abuse of discretion. *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023). Federal Rule of Evidence 702 and *Daubert* govern the admissibility of expert testimony and give the district court "a gatekeeper function" to ensure that expert testimony is relevant and reliable. *In re Bair Hugger*

---

[2] The Court has considered Nationwide's reply. Filing 104. The Court finds however that Nationwide's reply is simply an amplification of Nationwide's opening arguments. Thus, it is unnecessary for the Court to summarize Nationwide's reply arguments here.

*Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021), *cert. denied sub nom. 3M Co. v. Amador*, 142 S. Ct. 2731 (2022). Somewhat more specifically,

> Rule 702's screening requirement has been boiled down to a three-part test. First, the testimony must be useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant. Second, the expert must be qualified to assist the finder of fact. Third, the testimony must be reliable or trustworthy in an evidentiary sense.

*In re Bair Hugger*, 9 F.4th at 777 (internal quotation marks and citations omitted).

Nationwide's challenges to Martin's testimony go to the first and third parts of the test, relevance and reliability. Filing 77 at 11. An expert's opinion lacks relevance if it does not fit the facts of the case. *McMahon v. Robert Bosch Tool Corp.*, 5 F.4th 900, 903 (8th Cir. 2021). Reliability involves consideration of several factors:

> These factors are (1) whether the expert's theory or technique can be or has been tested, (2) whether the theory or technique has been subjected to peer review or publication, (3) the known or potential rate of error of the theory or technique, and (4) whether the technique or theory is generally accepted. Factors recognized since *Daubert* include whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying.

*In re Bair Hugger*, 9 F.4th at 777 (internal quotation marks omitted). Thus, "a district court may exclude expert testimony if it finds 'that there is simply too great an analytical gap between the data and the opinion proffered.'" *Id.* (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). On the other hand, the "general rule" is that "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." *Id.* at 778.

It is also wise to keep in mind that *Daubert* and its progeny "call for the liberal admission of expert testimony." *In re Bair Hugger*, 9 F.4th at 777. Thus, "the rejection of expert testimony is 'the exception rather than the rule.'" *Perry*, 61 F.4th at 606 (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)). "Rule 702 is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *Id.* (quoting *Robinson*, 447 F.3d at

1100). Finally, the Supreme Court has said, and the Eighth Circuit has reiterated, "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means' of addressing 'shaky but admissible evidence.'" *In re Bair Hugger*, 9 F.4th at 778 (quoting *Daubert*, 509 U.S. at 596).

In this case, the Court concludes that Martin's expert opinions are neither so unlikely to be useful to the finder of fact as to be irrelevant nor so unreliable as to warrant their exclusion. *See id.* at 777 (stating the parts of the test). The Court is satisfied that Martin's expert testimony would advance the trier of fact's understanding of the damage and repair issues involved in this case, demonstrating relevance. *Perry*, 61 F.4th at 606 (quoting *Robinson*, 447 F.3d at 1100). Also, Millard has pointed to Martin's explanations of the testing choices he made that are sufficient to suggest that his opinions fit the facts of the case, so that they are relevant. *McMahon*, 5 F.4th at 903.

Although Nationwide attempts to show factor-by-factor that Martin's opinions are unreliable based on his testing method, *see, e.g.*, Filing 77 at 13; *see also In re Bair Hugger*, 9 F.4th at 777 (identifying factors in the reliability analysis), the Court is not persuaded. Rather, the Court finds that Millard has pointed to Martin's reasonable explanations of the reasons for his testing decisions and the basis for his conclusions about whether damage could have been caused by something other than hail. *See* Filing 94 at 9–18. The Court cannot say "'there is simply too great an analytical gap between the data and the opinion proffered'" by Martin. *In re Bair Hugger*, 9 F.4th at 777 (quoting *Joiner*, 522 U.S. at 146). Furthermore, any challenges to the factual basis for Martin's opinions that Nationwide asserts properly go to the credibility of Martin's testimony not the admissibility. *Id.* at 778.

In this case, in light of precedent showing that "the rejection of expert testimony is 'the exception rather than the rule,'" *Perry*, 61 F.4th at 606 (quoting *Robinson*, 447 F.3d at 1100), and

12

that *Daubert* and its progeny "call for liberal admission of expert testimony," *In re Bair Hugger*, 9 F.4th at 777, the Court denies Nationwide's motion to exclude Martin's expert testimony. It is true that Nationwide has identified grounds to impeach or challenge Martin's expert opinions. Consequently, the Court finds that this is an example of a case in which "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means'" of addressing Martin's expert testimony. *In re Bair Huggers*, 9 F.4th at 778 (quoting *Daubert*, 509 U.S. at 596).

Nationwide's Motion in Limine is denied.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1. Plaintiffs' Motion in Limine, Filing 73, is denied without prejudice to reassertion if the issue of exclusion of late-disclosed expert opinions pursuant to Rules 26(a) and 37(c) ripens at trial; and

2. Defendants' Motion in Limine, Filing 79, is denied.

Dated this 23rd day of June, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge