IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation; GILLICK ENTERPRISES, INC., and GROSS POINT HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPOSITORS INSURANCE COMPANY,<br><br>Defendant. | 8:18CV23<br><br>AMENDED ORDER REGARDING PLAINTIFFS' USE OF COUNSEL |

The Court finds that issues have arisen about how Plaintiffs Millard Gutter Company, Gillick Enterprises, Inc., and Gross Point Holdings, LLC, will use counsel at trial in this matter set to begin on August 8, 2023. In the Order on Final Pretrial Conference (OFPTC), the counsel appearing for Plaintiffs are identified as Theodore R. Boecker, Jr., as attorney for Plaintiff Millard Gutter Company, and John Walker as attorney for Plaintiffs Gillick Enterprises, Inc., and Gross Point Holdings, LLC. Filing 110 at 1. The OFPTC also indicates that for jury selection, Plaintiff Millard Gutter Company requests twenty minutes, Plaintiffs Gillick Enterprises and Gross Point Holdings request twenty minutes, and "Plaintiffs would agree to Defendants having forty minutes based upon the requested allocation to Plaintiffs." Filing 110 at 8.

In addition, in response to the Court's first draft of Proposed JI No. 11 on how the trial will proceed, Plaintiffs provided the following objection:

> Plaintiffs object to Instruction No. 11, to the extent that it makes it appear that only Millard Gutter's attorney will make an opening statement, and present evidence, cross examine Depositor's witnesses. Although the Plaintiffs acknowledge the Court has used "Millard Gutter" in shorthand in some Instructions, and with respect to some Instructions Plaintiffs do not object to the shorthand reference, Plaintiffs nevertheless believe it would be clearer for the jurors if it was spelled out that Millard Gutter, on the one hand, and Gillick Enterprises and Gross Point Holdings on the other hand, each had their own attorneys that were going to make opening

1

> statements, present evidence, and be involved in cross examination of Depositor's witnesses. Plaintiffs' counsel do not want the jurors confused thinking that both of the attorneys speaking and presenting as part of the Plaintiffs' case in chief were engaged by Millard Gutter. As a consequence, Plaintiffs would request revision to Instruction No. 11 to recognize both Millard Gutter on one hand, and Gillick Enterprises and Gross Point Holdings on the other hand, as having separate legal counsel.
>
> Accordingly, the suggestion would be
>
> First, Millard Gutter's attorney and the attorney for Gillick Enterprises and Gross Point Holdings may make opening statements.
>
> With corresponding changes throughout Instruction 11 to reflect to the jury that there are separate legal counsel for the different Plaintiffs.

Filing 176 at 3.

The Court is mindful of Federal Rule of Civil Procedure 1, concerning the scope and purpose of the Federal Rule of Civil Procedure, which states that the United States districts courts must construe the Federal Rule of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. More specifically, "[t]rial management decisions are within the court's discretion and are reversed only for an abuse of discretion." *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1203 (8th Cir. 2015) (quoting *Harris v. Chand*, 506 F.3d 1135, 1141 (8th Cir. 2007)). A trial judge has a "large degree of discretion" to control the examination of witnesses. *Massen v. Lucier*, 961 F.2d 717, 719 (8th Cir. 1992) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704 (8th Cir. 1967)).

One example of the trial court's authority to manage trials is statutory. 28 U.S.C. § 1870 provides,

> In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

28 U.S.C. § 1870. Another example of the trial court's authority is Federal Rule of Evidence 611, which obliges the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611; *see also* Indus. Risk Insurers v. D.C. Taylor Co., No. 06-CV-171-LRR, 2008 WL 11509789, at *8 (N.D. Iowa June 5, 2008) (relying on Rule 611 as justifying limitations on attorneys on direct and cross-examination by more than one attorney).

In *Industrial Risk Insurers*, a district judge in another Eighth Circuit district rejected plaintiffs' contention that "allowing more than one of their attorneys to examine a single witness on direct examination or cross-examination is proper because '[t]hroughout the course of the action, the attorneys have been acting separately on behalf of each Plaintiff, in questioning witnesses during depositions and in preparing discovery responses.'" *Id.* After citing Rule 611, the judge explained,

> The court notes Plaintiffs have taken consistent positions throughout the litigation. Plaintiffs have also filed all their motions jointly. There does not appear to be any adverse interest between the Plaintiffs necessitating direct examination or cross examination on one witness by multiple attorneys on the part of the Plaintiffs. Therefore, the court finds the most effective and efficient method of interrogation of witnesses and evidence presentation in the instant action limits one attorney to a single witness in direct examination or cross-examination. To permit otherwise would create unnecessary confusion and waste of time for the jury and witnesses. Accordingly, this portion of the Motion is granted.

*Indus. Risk Insurers*, 2008 WL 11509789, at *8. Similarly, trial courts are allowed to exercise their discretion to limit the time to present evidence. *Harris*, 506 F.3d at 1141. They may also limit the length of time allowed counsel for argument to the jury. *Joplin v. Denver-Chicago Trucking Co.*, 329 F.2d 396, 397 (8th Cir. 1964).

The statements in the OFPTC and Plaintiffs' joint objection to Proposed JI No. 11 indicating a particular attorney is representing only a particular Plaintiff or subset of Plaintiffs

3

appear to be contrary to the docket, which shows both Mr. Walker and Mr. Boecker as representing all three Plaintiffs. Moreover, from at least the filing of their Motion for Partial Summary Judgment on April 3, 2023, Plaintiffs have jointly litigated all the motions before the Court and the Court's jury instructions issues, as well as submitting a joint trial brief, even where Mr. Boecker and Mr. Walker, respectively, signed filings ostensibly only on behalf of one Plaintiff or a subset of Plaintiffs. *See* Filings 69, 73, 84, 93, 97, 100, 106, 120, 123, 126, 130, 137, 138, 139, 140, 153, 168, 170, 172, 175, 176, and 180. These filings together illustrate that Plaintiffs have the same interests. *See Indus. Risk Ins.*, 2008 WL 11509789, at *8. Since the Court granted Depositors' Motion for Summary Judgment as to Plaintiffs' first-party bad faith claim, the Court can find no difference in interests among them. *See* Filing 133 at 27.

Under these circumstances, the Court will not allow Plaintiffs "two bites at the apple" as to any part of the proceedings, such as jury selection, peremptory challenges, or presentation of evidence during trial based on an essentially artificial distinction between Millard Gutter, on the one hand, and Gillick and Gross Point, on the other as to their positions on any issues.[1] Rather, the Court will treat all Plaintiffs essentially as a single party at trial, with only certain limited exceptions set out below. Accordingly,

IT IS ORDERED as follows:

1. Plaintiffs shall jointly have 30 minutes total for voir dire, and Defendant shall have 30 minutes for voir dire. The Court will allow Plaintiffs to split up their void dire if they wish, but they will not receive any additional time for voir dire if they do so.

---

[1] The Court is well aware that it has distinguished between Millard Gutter, as an assignee but non-party to the insurance contract at issue that cannot be required to comply with the "cooperation clause" in the contract, and Gillick and Gross Point, as insureds under the contract and assignors to Millard Gutter of a right to proceeds, who are required to comply with the cooperation clause. This difference does not establish a difference among the Plaintiffs in their interest in how issues in the case are resolved, however.

4

2.	Plaintiffs shall jointly have 3 peremptory challenges to prospective jurors, and Defendant shall have 3 peremptory challenges, pursuant to 28 U.S.C. § 1870. Plaintiffs may allocate those peremptory challenges among themselves as they choose.

3.	Each side shall have 30 minutes for openings, although Plaintiffs may split up their 30 minutes among counsel if they wish.

4.	Only one attorney for Plaintiffs shall examine or cross-examine any witness, although the attorneys may decide among themselves which attorney will examine or cross-examine any witness. Plaintiffs may also use a different attorney for redirect examination from the attorney who did direct examination, if they so choose.

Dated this 4th day of August, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge